ELMA K. SINGER, Respondent, v. NATIONAL GUM AND MICA COM-
PANY, Appellant.

First Department, February 6, 1925.

**Depositions — examination of defendant before trial in action to recover
compensation based on percentage of profits — improper under Civil
Practice Act, § 296, to grant order permitting plaintiff to examine books
independently of examination of defendant — examination is limited
to sales for which plaintiff did not receive compensation — plaintiff,
former employee of defendant, not entitled to general discovery and
inspection.**

It is improper, under section 296 of the Civil Practice Act, in an order for the
examination of the defendant before trial, in an action for compensation for
services based on a contract providing for the payment to the plaintiff of a
percentage of the profits, to direct that the plaintiff may examine the books
and papers of the defendant independently of the examination of the defendant.
Examination is limited also to sales for which the defendant did not receive
compensation under the agreement.

It seems, that as plaintiff is a former employee of defendant, he cannot have a
general discovery and inspection.

APPEAL by the defendant, National Gum and Mica Company,
from an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 12th day of May, 1924, granting the plaintiff's motion
for an examination of the defendant before trial and for the pro-
duction and inspection of certain books and records of defendant.

*Edward A. Alexander* [*Frank Weinstein* with him on the brief],
for the appellant.

*Cohen, Lee & McDonald* [*Max Bernd Cohen* of counsel], for the
respondent.

FINCH, J.:

The plaintiff sues on a contract whereby her assignor was
employed by the defendant as a salesman, and was to receive as
compensation a percentage of the profits derived by the defendant
on sales procured by said assignor. The plaintiff obtained an order
for the examination of the defendant before trial and the production
of books and records. From this order the defendant appeals
upon the grounds, among others not necessary to enumerate, that
the said order provides in effect that the plaintiff may examine
the defendant concerning all sales made during the course of the
employment of plaintiff's assignor in the business of the defendant,
whether or not the plaintiff's assignor has received payment in
full for some of such sales; and secondly, that the order provides

that the plaintiff and her representatives shall be permitted to examine certain books and documents relevant to the said sales, independently of the examination of the witness and the use thereof by the latter to refresh his memory.

It must be borne in mind that both the Civil Practice Act and the Rules of Civil Practice still maintain the fundamental distinction between the production of books and records used in connection with the examination of a witness before trial, and a discovery and inspection of such books and records. (See Civ. Prac. Act, § 288 *et seq.;* Id. § 324 *et seq.;* Rules Civ. Prac. rule 122 *et seq.;* Id. rule 140 *et seq.*) This distinction was pointed out in *Matter of Sands* (98 App. Div. 148), where the court, by LAUGHLIN, J., said: " In the case of an examination ordered under sections 870–873 [of the Code of Civil Procedure] of a party not a corporation, there is no authority for an inspection or for requiring the production of books or papers, even for use upon the examination of the party, except by subpœna *duces tecum;* but in the case of a corporation the court is now authorized by subdivision 7 of section 872, without the formality of subpœna *duces tecum,* to order the production of books and papers, not for an inspection by the adverse party, but for the use of the witness upon the examination. (*Horst* v. *Yuengling Brewing Co.,* 1 App. Div. 629; *Press Publishing Co.* v. *Star Co.,* 33 id. 242; *Duffy* v. *Consolidated Gas Co.,* 59 id. 580.) Even in the case of a corporation, if an inspection is desired in the technical sense, it must be obtained as provided in sections 803–809."

The Legislature now authorizes the production of books and records, both of an individual and of a corporation, for the purpose of refreshing the recollection of the witness in connection with the taking of his examination. (Civ. Prac. Act, § 296; *New York City Car A. Co.* v. *Regensburg & Sons, Inc.,* 205 App. Div. 705.)

When the Legislature said that " on the examination the books and papers or any part or parts thereof may be offered and received in evidence in addition to the use thereof by a witness to refresh his memory " (Civ. Prac. Act, § 296), what was expressed was that such portions of the books and records as were used in refreshing the recollection of the witness might be offered and received in evidence. To permit the books and papers produced to be put in evidence in their entirety, whether used by the witness or not, would in effect be according to the party at whose instance they were produced, a discovery and inspection. While a consideration of the distinction here pointed out might seem technical to the thoughtless, yet it is fundamental and clarifying in preserving the rights between litigants in respect of two very different things, namely, the taking of the oral testimony of a witness, which may be taken

with greater latitude because the witness has an opportunity upon the examination to protect himself; and the laying open of the books and records of a party to his adversary, which must be safeguarded under the provisions which experience has shown necessary with respect to a discovery and inspection. As plaintiff is a former employee of defendant, he cannot have a general discovery and inspection. (*Harbaugh* v. *Middlesex Securities Co.,* 110 App. Div. 633; *Strauss* v. *Von Tobel,* 131 id. 823.)

It follows that the order should be modified so as to provide that such portions of the books and records as may be used by the witness for the purpose of refreshing his memory, may be offered and received in evidence. The order further is modified so as to limit the examination to the sales for which the plaintiff claims not to have received payment. Plaintiff is not entitled to examine the defendant concerning transactions which have been completed. As so modified the order should be affirmed, without costs.

CLARKE, P. J., DOWLING, MARTIN and BURR, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, without costs. Settle order on notice.