LOUIS ZELTNER, as Trustee in Bankruptcy of SOLOMON FRIEDMAN and Others, Respondent, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

First Department, March 4, 1927.

Depositions — examination of witness before trial — action by trustee in bankruptcy on burglary insurance policy — defenses that books were not kept as required and breach of warranty — defendant is entitled to examine bankrupts before trial on question whether books were kept and on question of breach of warranty — order directing defendant's manager to produce certain books and authorizing introduction of books in evidence was proper under Civil Practice Act, § 296 — court may limit introduction of books in evidence to portions used to refresh memory.

In this action by a trustee in bankruptcy to recover on a burglary insurance policy, the defendant interposed the defenses that the bankrupts had failed to keep books as required by the policy and that there was a breach of warranty in reference to the business carried on in the building. Plaintiff moved to examine the defendant before trial on the question whether or not proper books were kept, and the defendant brought on a counter motion to examine the bankrupts on the same issue and to have an examination on the question of breach of warranty.

The defendant was clearly entitled to an examination upon the alleged breach of warranty as that was a subject upon which it had the affirmative.

In a case where the policy does not make the keeping of proper books a condition precedent to a recovery thereon or where the pleadings do not place the burden on the plaintiff of proving that proper books were kept, the failure to keep books is an affirmative defense. In this case, the policy does not make the keeping of books a condition precedent and the pleadings do not impose the burden upon the plaintiff to prove that such books were kept, and, therefore, the affirmative on that question was with the defendant, and it was entitled to an examination of the bankrupts before trial. It was error, therefore, to deny the defendant's motion and to grant the plaintiff's motion.

The court properly directed the production of certain books by the manager of the defendant on his examination and under section 296 of the Civil Practice Act it was proper for the court to direct that the books be received in evidence.

The scope of an examination is purely discretionary and the court may, in a proper case in the exercise of such discretion, limit the introduction in evidence of the

books to such portions thereof as have been used to refresh the recollection of the witness. The limitation of the scope of the examination and the receiving in evidence of books is one to be determined by the circumstances of each particular case.

APPEAL by the defendant, Fidelity and Deposit Company of Maryland, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of November, 1926, as denies defendant's motion for examination before trial and as grants plaintiff's motion for the examination of defendant before trial and directs the examination of Arthur W. Dietrich, manager of its burglary department, as to the manner in which books and accounts were kept by the assureds Friedman and Melzer, and orders the production of certain records, etc.

*Alfred B. Nathan,* for the appellant.

*Sidney J. Loeb* of counsel [*William H. Walden,* attorney], for the respondent.

O'MALLEY, J. The action is by a trustee in bankruptcy upon a policy of burglary insurance. The policy was issued by the defendant to the firm of Melzer & Friedman. The plaintiff has succeeded to the rights of the assured under the policy and seeks to recover a loss thereunder. The complaint is in the usual form and alleges performance of all the terms and conditions of the policy on the part of the assureds required by them to be performed.

As a first separate defense the defendant alleged that it was not to be held liable under the policy, " (e) For loss or damage unless books and accounts are regularly kept by the Assured, and are kept in such manner that the exact amount of loss can be accurately determined therefrom by the Company;" that the plaintiff's assignors failed to comply with this condition and for this reason the plaintiff is precluded from recovery.

In its second separate defense the defendant alleges that the policy was issued in consideration, among other things, of certain representations which the assured declared to be true; that one of such statements was that the business of the assured was that of furrier and that no other business was conducted in the premises in question where the assured carried on their business; that when the policy was issued and accepted and at the time of the loss, this warranty was untrue for the reason that at such times another business was conducted in the premises.

The plaintiff first moved and among other things sought examination upon: " 2. Whether the books and accounts kept by the assureds Friedman and Melzer were so kept that the defendant

insurance company could accurately determine therefrom the exact amount of loss sustained." The defendant brought on a counter motion and sought examination of the plaintiff's assignors upon identically the same issue. It further sought examination on the question of whether there had been a breach of warranty as to exclusive occupancy of the premises at the time the policy was issued and accepted and the loss sustained.

The plaintiff's motion was granted with respect to whether the assured furnished to the defendant affirmative proof of loss in accordance with the terms and conditions of the policy, and also with respect to the subject-matter of paragraph 2, above quoted. Defendant's motion was in all respects denied.

Defendant appeals from so much of the order as denies defendant's motion and grants plaintiff's motion for the examination of the defendant on the subject of paragraph 2; and also from that portion of the order which requires the production of books and records and provides that the same may be *marked in evidence* in addition to use for the purpose of refreshing recollection.

We think the defendant was clearly entitled to an examination upon the alleged breach of warranty, as that was a subject upon which it had the affirmative. (*Black Co.* v. *London Guarantee & Accident Co., Ltd.*, 190 App. Div. 218; affd., 232 N. Y. 535.) We are also of opinion that upon the record here presented the defendant was entitled to an examination upon the subject-matter of whether or not the assured kept proper books and that the plaintiff was not entitled to such examination. The rights of the parties with respect to this part of the examination must be determined by the question of where the burden of proof lies with respect to this issue.

Some authorities place the burden upon the assured. Others place it upon the defendant or the insurance company. An examination of each line of cases readily discloses that there is no inconsistency between them. In the cases where the burden has been placed upon the assured it clearly appears that the keeping of proper books was made a condition precedent to any recovery. In the cases where the burden of proving the converse is upon the insurance company, the provision respecting the keeping of proper books is not made a condition precedent to recovery. In the former class of cases are *Pearlman* v. *Metropolitan Surety Co.* (127 App. Div. 539); *Rosenberg* v. *People's Surety Co. of New York* (140 id. 436); *Wolowitch* v. *National Surety Co.* (152 id. 14). In the case first cited the record on appeal discloses that the policy made the keeping of proper books of account a condition " precedent to any recovery " under the policy. In *Rosenberg* v. *People's Surety Co. of New York* (*supra*), the opinion itself discloses that

exactly the same situation obtained therein. The same is true of *Wolowitch* v. *National Surety Co. (supra).* On the other hand, where this clause is not by the terms of the policy made a condition precedent, it is regarded as a condition subsequent and the burden of proving non-compliance therewith is a matter of defense to be pleaded and proved by the insurance company. Such was the case of *Danerhirsch* v. *Travelers Indemnity Company* (202 App. Div. 207).

Much reliance is placed by the respondent upon the case of *Harris* v. *General Acc., F. & L. Assurance Corporation* (187 N. Y. Supp. 291), as being contrary to the views herein expressed. While that decision would not be binding upon us, an examination thereof discloses that failure to keep proper books was pleaded by way of *defense.* As the court found that the evidence as a whole showed that in fact no proper books of account were kept, it very properly reversed the judgment in favor of the assured and dismissed the complaint. The *defense* in that case had been conclusively established.

We are also referred to some unreported decisions which seem to be in conflict with the well-established precedents above cited. In view of this and because the question seems to have been the subject of some uncertainty in the decisions below, we deem it advisable to restate the rule at this time.

We accordingly hold that in respect to a clause in a policy of the character here involved the burden of proving compliance therewith is upon the plaintiff only where such by the terms of the policy is made a condition precedent to recovery, or where the pleadings place the burden of such issue on the plaintiff. (*New York City Car A. Co.* v. *Regensburg & Sons, Inc.,* 205 App. Div. 705.) Otherwise, failure to comply with such clause must be pleaded and proved as a matter of defense; in which case the defendant and not the plaintiff is entitled to an examination with respect to the subject-matter thereof. In the case before us neither the policy nor the pleadings impose such burden upon the plaintiff. The affirmative of such issue both by the terms of the policy and on the face of the pleadings is upon the defendant. It, therefore, is entitled to examine the plaintiff.

As already noted, the defendant took no appeal from that portion of the order directing its examination on the question whether proofs of loss in accordance with the terms and conditions of the policy were furnished by the assured. As defendant's examination must proceed with respect to this subject, we are necessarily required to consider the propriety of the provision of the order relating to the introduction in evidence of books and records in addition to their use for the purpose of refreshing recollection of the parties to be examined. The appellant urges that under our decision in

*Singer* v. *National Gum & Mica Co.* (211 App. Div. 758) the provision allowing their introduction in evidence is improper. The decision cited was rendered since the enactment of the Civil Practice Act and seems to support the appellant's contention. Another memorandum decision of our court, but not called to attention, clearly indicates a holding that records may be introduced in evidence only in so far as they have been used for refreshing recollection. (*Rosentower* v. *Superior Felt Slipper Co., Inc.,* 213 App. Div. 868.) An examination of the record on appeal in the first cited case, however, discloses that there was a broad provision permitting the plaintiff to examine generally all books, records, correspondence, etc., produced, as well as a provision that such books and records might be introduced in evidence as well as used to refresh recollection. Obviously what the court had in mind was that the order when considered as a whole gave authority for a *general* inspection, which was clearly improper and could be had only pursuant to the provisions relating to discovery and inspection as such. This is apparent from the language used, particularly when considered in connection with the broad provisions of the order relating to a general examination of all books and records already referred to. By such decision, however, we did not intend to hold that in no case could records produced by an order for examination before trial be introduced in evidence.

Prior to 1911 there was no provision for the introduction in evidence of books and records on such an examination of any party. Their production was ordered only in the case of a corporate party and their use limited to the purpose solely of refreshing the recollection of the witness. In that year, however, the Code of Civil Procedure was amended to permit their introduction in evidence on the examination of a corporation (Code Civ. Proc. § 872, subd. 7, as amd. by Laws of 1895, chap. 946, and Laws of 1911, chap. 781). Thereafter and up to the taking effect of the Civil Practice Act, it was held that under the statute as amended books and records might be marked in evidence in addition to their use to refresh the recollection of a witness. (See, also, Laws of 1913, chap. 278.) The distinction between a limited inspection necessary in connection with such an examination and a general inspection which might be had under the provisions of the Code relating to discovery and inspection was clearly recognized. (*Flamingo Film Co., Inc.,* v. *World Film Corp.,* 173 App. Div. 959; *Strong & Trowbridge Co.* v. *Defiance Machine Works,* 182 id. 869; *Harby Steamship Co., Inc.,* v. *Staten Island Shipbuilding Co.,* 189 id. 769; *Fey* v. *Wisser,* 206 id. 520.)

In *Strong & Trowbridge Co.* v. *Defiance Machine Works* (*supra*)

appeal was had from an order requiring an examination of a plaintiff and the production and inspection of books and records with respect to issues raised by the defendant's counterclaims. In the decision of this court, Mr. Justice SHEARN writing, said: " Appellant claims that the order prevents it from offering the plaintiff's books and papers in evidence, but an inspection of the order shows that it does nothing of the kind. If it did, of course the order would have to be modified. Appellant's only real grievance is a provision in the order depriving defendant of the right to *inspect* the plaintiff's papers and books in connection with the examination. I do not interpret the original order as one providing for a general inspection of books and papers such as would be ordered in a proper case made under sections 803–809 of the Code of Civil Procedure.* It merely contemplates the production of the books and papers, the examination of the witnesses in connection with them to show that the books contain relevant entries of transactions with the parties mentioned in the affidavit, and then the inspection of such particular accounts preparatory to offering them in evidence. Such a *limited* inspection is entirely proper upon an examination, for trial counsel is always entitled to inspect a book or paper, which has been produced in court by an adverse party under order or subpœna, and which is shown to contain entries relative to the issues, before taking the risk of offering it in evidence. The court, therefore, erred in ruling that the defendant could not inspect the books and papers before offering them in evidence." (Italics ours.)

That decision clearly recognized the right of a party securing the examination of a corporate adversary under the Code to the introduction in evidence of books and records which were shown to be relevant to the inquiry. In connection therewith, it also recognized the right of a limited inspection for the purpose of laying the foundation for introducing such evidence.

In *Harby Steamship Co., Inc.,* v. *Staten Island Shipbuilding Co.* (*supra*) Mr. Justice PHILBIN, in writing for this court, said: " Under the provisions of the Code of Civil Procedure (§ 872, subd. 7, as amd. by Laws of 1911, chap. 781, and Laws of 1913, chap. 278) a plaintiff is entitled to examine a defendant corporation by its officers, directors or managing agents and to require the production of books and papers, which may be offered and received in evidence in addition to the use thereof for the purpose of refreshing the memory. That is the rule which now pertains in the examination of corporations."

In *Fey* v. *Wisser* (*supra*), decided in the Second Department,

* Now Civ. Prac. Act, § 324 *et seq.*— [REP.

the order directing the defendant's examination provided for the production of certain books and " that the plaintiff or his representative be permitted to inspect the said books."   Reversal was sought upon the ground that the order combined an application for an examination before trial with one for an inspection of books. It was held that under the Civil Practice Act, where an examination before trial is secured by order rather than notice, there is no objection to a provision for such examination and for discovery and inspection in the same order.   The distinction between the two remedies, however, is still to be observed.   In connection with the procedure under the Code respecting the production of books and papers and their introduction in evidence it was said (p. 522): " The Code of Civil Procedure (§ 872, subd. 7) provided that an order for the examination of a corporation or association might direct the production of such books and papers as to the contents of which an examination or inspection was desired, and on such examination they might be offered and received in evidence in addition to the use thereof by the witness to refresh his memory.

" Under these sections it has been held that an order for the examination of a corporation which directed the production of books and papers was not designed to afford the moving parties such an inspection or examination thereof as could be obtained in a proceeding for discovery, but solely to enable such books to be used as an adjunct of the oral examination, and that discovery and inspection could only be compelled in the mode pointed out by the Code, and not by a peremptory order granted *ex parte.*"

As already noted, the provision contained in the Code of Civil Procedure above referred to, related solely to the examination of a corporation or certain associations and production of books and records in connection therewith.   The Civil Practice Act (§ 296), which is contained in article 29, relating to the taking of testimony by deposition, extends the right to the production of books and records upon an examination of any person or party, corporate or otherwise.   This section (as amd. by Laws of 1921, chap. 199) provides:

" § 296. Production of books and papers.   If the deposition is to be taken pursuant to an order, the order may require, in a proper case, the production of books and papers in the custody of the party or person to be examined, as to the contents of which an examination or inspection is desired, and on the examination the books and papers or any part or parts thereof may be offered and received in evidence in addition to the use thereof by a witness to refresh his memory."

In view of the decisions construing the Code provision in which section 296 of the Civil Practice Act has its source, we are of opinion that the purpose and effect of the latter section is to extend to one examining a witness or a party, corporate or otherwise, the right enjoyed on the examination of a corporation or certain associations under the Code. As was said by former Presiding Justice CLARKE in writing for this court in *Shaw* v. *Samley Realty Co., Inc.* (201 App. Div. 433, 436), on the subject of examination before trial: " No new situation has resulted from the passage of the Civil Practice Act and the adoption of the new Rules of Civil Practice. The methods for obtaining an examination have been simplified by eliminating the necessity for one order and substituting a notice in its stead."

This view has support also among text writers. In considering the provisions of the Code relating to examinations before trial (§§ 870–872) and those relating to discovery and inspection (§§ 803–809), it has been said: " While these sections have not been taken over in the Civil Practice Act in the language in which they were found in the Code, the substance of them has been continued and it seems evident that the purpose of the framers of the Civil Practice Act was not to cut down the right of examining under oath one's adversary in advance of the trial, nor to enlarge it, but to preserve it merely, and to make more easy and simple the procedure by which it was to be exercised." (Carmody's New York Practice, 355.)

That the limited inspection above referred to is proper as an adjunct and supplement to the oral examination seems clear from an historical consideration of the subject. Originally at common law a party had to rely on third persons as witnesses to prove his case. He could not prove such from the testimony of the adverse party who was an incompetent witness. This worked an obvious injustice in those instances, not at all rare, where the proof of plaintiff's case, or a necessary part thereof, could be obtained only from the mouth of the adverse party or from documents in his possession or control. The court of conscience, equity, then provided a remedy to avert a miscarriage of justice because of such inability on the part of one entitled to redress.

Bills in equity, originally filed for the purpose of both discovery and appropriate relief, finally came to be used as an adjunct in aid of one pursuing a purely legal remedy. They were resorted to for the purpose of discovery alone and to assist a party to a common-law action. This equitable and ancillary procedure was also used to compel the production of deeds, books and writings in the custody or control of one of the parties and which were material to the

right, title or defense of the other. (Bisp. Prin. Eq. [10th ed.] §§ 556–567.) This inspection of deeds, books and writings in conjunction with the oral examination of the party was a limited inspection. When a broader inspection and discovery was necessary, such would have to come by way of order of the court and need not be discovered by way of answer. (Story Eq. Pl. [10th ed.] §§ 850 *et seq.*)

It seems clear, therefore, that in its inception the remedy by way of an examination of an adverse party was always of such a character that the books, papers and documents relative and material to the issues on which the examination was had could be produced and a limited inspection of the adverse party's documents had to that extent. This historical development is outlined in such cases as *Reynolds* v. *Burgess Sulphite Fibre Co.* (71 N. H. 332) and *Lotz* v. *Standard Vulcanite Pan Co.* (102 Misc. 68).

When the provision now designated section 345 of the Civil Practice Act, which abolished ancillary actions for discovery, was first enacted (Code Proc. § 389 [343]; Code Civ. Proc. § 1914), it was obviously the idea that the necessity for the equitable proceeding by way of discovery for use in a legal action no longer existed. This was because it was evidently considered that the remedy provided in the Code and available in the action itself, was sufficient. This section could not have been intended to abridge or curtail or limit in any way a remedy theretofore existing. It was made merely for a more orderly procedure and the prevention of multiplicity of suits. In construing, therefore, the present sections relative to examination of a party before trial, we must look to the extent of the remedy theretofore provided for by separate action in equity and construe the provisions of the sections of the Civil Practice Act in the light thereof. Especially is this so in view of section 8 of the Civil Practice Act, which purports to wipe out the distinction between actions at law and suits in equity. A close examination of the historical development of the remedy in question discloses that all rules regulatory thereof are based upon old and well-established equitable principles.

As a limited inspection was always deemed proper in connection with the examination of an adverse party before trial, and since the authorities above cited construing the amendment of 1911 of section 872, subdivision 7, of the Code of Civil Procedure, so held, we here state that in a proper case it is within the sound discretion of the court upon an examination before trial to compel the party to be examined to produce such books, papers, documents, writings, etc., as may aid the examination of the party on the particular issue on which the examination is had, and that such papers and

documents may be received in evidence in addition to being used to refresh the recollection of the witness.

The scope of such examination is purely discretionary. (*Middleton* v. *Boardman*, 240 N. Y. 552; *Shaw* v. *Samley Realty Co., Inc.*, *supra; Lattimer* v. *Sun-Herald Corp.*, 208 App. Div. 503.) The court in a proper case may in the exercise of such discretion very properly limit the introduction into evidence of the papers and documents to such portions thereof as have been used to refresh the recollection of the witness. The limitation of the scope of the examination and the receiving into evidence of documents is one to be determined by the peculiar circumstances of each particular case. Where the examination, as here, is to proceed before the court, the order with respect to the production of such books and documents may be broad in scope. The justice presiding may see to it that the spirit of the examination is not violated and that the inspection is limited and not a general one.

The order appealed from should, therefore, be modified by striking out the provision for defendant's examination by the plaintiff upon the subject of paragraph 2 referred to herein, and granting defendant's motion to examine the plaintiff upon matters specified in items 1 and 2 of its order to show cause, and as thus modified affirmed, with ten dollars costs and disbursements to the appellant.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the appellant. Settle order on notice.