OTTO F. SCHULZ, Plaintiff, *v.* AGFA ANSCO CORPORATION, Defendant.

Supreme Court, Broome County, May 2, 1933.

*Chernin & Gold,* for the plaintiff.

*Keenan, Brink & Harrison [George Coughlin* of counsel], for the defendant.

PERSONIUS, J.   The numerous contentions upon this examination so far make it desirable to consider the issue involved and the scope of the examination more at length than would otherwise be necessary.

The complaint alleges that the plaintiff was employed by the I. G. Chemical Works of Germany (hereinafter called the I. G. Co.), in 1928, from year to year until the employment should be terminated by notice given three months prior to the expiration of a year; that the defendant, a New York corporation, is a subsidiary of the I. G. Co.; that one Dr. Gajewski of Germany was a representative of the defendant with authority to make such contracts; that the defendant ratified said contract, and that there was an agreement between the defendant and the I. G. Co. by which the defendant agreed to employ such persons as might be designated by the I. G. Co.   It also alleges that the defendant assumed employment agreements as to employees transferred to it

by the I. G. Co. and that the plaintiff was so transferred from Germany to the defendant at Binghamton, N. Y., under an agreement that the defendant would employ the plaintiff upon the same terms, and that the defendant assumed said contract of hiring. It also alleges that the plaintiff's employment was terminated without the required notice about one year after he was transferred.

The complaint is largely upon information and belief. On the application to examine certain of defendant's officers and agents, the motion papers show that defendant and the I. G. Co. merged on some basis of which the plaintiff is ignorant and that it is necessary that the plaintiff have such examination in order to establish his cause of action. The moving papers aver that plaintiff has no knowledge of the relationship between the two corporations, the agreements between them as to the employees of each, or as to the employment of the plaintiff and in general that he is ignorant as to the authority of the I. G. Co., its agents or officers, to enter into contracts of employment for the defendant.

The order for the examination before trial also requires the production for inspection of certain books and papers. Upon said examination, the witnesses, on advice of counsel, declined to answer certain questions and refused inspection of certain papers. Thereupon the referee reported to the court, and the plaintiff now asks its direction. (Rules Civ. Prac. rule 129, ¶ 2.)

We think the contentions before the referee grew out of a misunderstanding of the scope of the inspection of books and papers authorized by the order. *On the argument here, the defendant strenuously urged that this proceeding was not a discovery under section 324 of the Civil Practice Act, and that the plaintiff was limited to an inspection of such books and papers as would refresh the recollection of the witness being examined.* Illustrative of the defendant's contention is the position taken by it with reference to the letter of July 31, 1931, to Dr. Lenger. When the witness had testified that he had such letter, defendant's counsel developed the fact that he had never seen the letter before this action was commenced and " objected to the inspection and receipt of that letter in evidence *on the ground that it is not to refresh the recollection of the witness.* It couldn't refresh the recollection of the witness and I direct that the request for inspection be denied."

We do not think the inspection here is or should be limited to those writings which refresh the recollection of the witness.

This examination is under sections 288 and 289 of the Civil Practice Act. Such examination may be brought on by mere *notice* (§ 290), or by an *order* obtained on notice (§ 292). While

discovery and inspection may be had on order *without an accompanying examination* (§ 324), section 296 provides: " If the deposition is to be taken pursuant to an *order*, the order may require   * * * the production of books and papers   * * * as to the contents of which an examination *or* inspection is desired   * * * the books and papers   * * * may be offered and received in evidence in *addition* to the use thereof by a witness to refresh his memory."

True, it was said in *Singer* v. *National Gum & Mica Co.* (211 App. Div. 758) that the Rules of Civil Practice " still maintain the fundamental distinction between the production of books and records used in connection with the examination of a witness before trial, and a discovery and inspection of such books and records." That case, however, is clearly limited at least, by the same (First) Department in *Zeltner* v. *Fidelity & Deposit Co. of Maryland* (220 App. Div. 21, 25). After reviewing the authorities, the court in that case concluded (at p. 29): " We here state that in a proper case it is within the sound discretion of the court upon an examination before trial to compel the party to be examined to produce such books, papers, documents, writings, etc., *as may aid the examination* of the party on the particular *issue* on which the examination is had, and that such papers and documents may be received in evidence *in addition* to being used to refresh the recollection of the witness.

" The scope of such examination is purely discretionary.   * * * The court in a proper case *may*   * * * very properly limit the introduction into evidence of the papers and documents   * * * as have been used to refresh the recollection of the witness. The limitation of the scope of the examination and the receiving into evidence of documents is one to be determined by the peculiar circumstances of each particular case."

In *Burrows* v. *Magnetic Analysis Corp.* (231 App. Div. 619) the court said (at p. 620): " The order allowed an examination of the records, but *erroneously limited it for the purpose of refreshing the recollection of the witnesses.*"

The Second, Fourth and Third Departments (*Fey* v. *Wisser*, 206 App. Div. 520, 523; *Hambleton* v. *Tide Water Oil Sales Corp.*, 213 id. 52; *Wertheim* v. *Grombecker*, 229 id. 16) are in accord with the First. In the latter case the court said (at p. 18): " The purpose of the plaintiff   * * * is evidently two fold: *First*, to use the books to refresh the memory of witnesses   * * * and *second*, to make examination thereof, that he may *collect data in preparation for trial.* Both purposes are proper and legitimate, and authorized

under modern practice * * * and one order may grant both remedies."

It would, therefore, appear that where an examination is held pursuant to *order*, it may be accompanied by an inspection of all books and papers in order that the examining party "may collect data in preparation for trial," even though such books and papers in no way refresh the recollection of the witness.

Where an examination is held pursuant to *notice*, the production of books and papers may be compelled by subpœna *duces tecum without any order*. When so produced, however, their use is limited to refreshing the recollection of the witness. (*New York City Car A. Co.* v. *Regensburg & Sons, Inc.*, 205 App. Div. 705.)

Of course, as pointed out in the cases cited by the defendant, neither an examination nor an inspection should give the examining party the right to examine any private papers or to indulge in a roving commission to examine every scrap of paper "unless it has been made to appear that the examination of the particular books and papers is necessary." (*Hay* v. *Republic Trading Co.*, 184 App. Div. 537, 538.) If they are necessary, we think the examining party is entitled to an inspection whether they are private papers or public, and even though the defendant has in its writings mingled the material matter with immaterial matters.

The papers on the motion for the production of books and papers must "describe them, so far as practicable." (Rule 122.) In many cases the examining party is unable to definitely describe the writings desired. If he was required to do so, he would often be thwarted in his effort to obtain necessary evidence.

Under the peculiar circumstances of this case and the disadvantage under which the plaintiff is clearly proceeding, we think he is entitled, in the discretion of the court, to a fairly liberal examination.

Submit order accordingly.