BLANCHE McG. BEEBER, Suing upon Her Own Behalf as a Stockholder and for the Benefit of All Other Stockholders of EMPIRE POWER CORPORATION Similarly Situated, and in the Right of EMPIRE POWER CORPORATION, Appellant, *v.* EMPIRE POWER CORPORATION and Others, Defendants, Impleaded with E. L. PHILLIPS & COMPANY and Others, Respondents.

First Department, June 19, 1940.

*Wolfgang S. Schwabacher* of counsel [*Sydney C. Weinstein* and *Jules H. Enrich* with him on the brief; *Hays, Wolf, Schwabacher & Sklar*, attorneys], for the appellant.

*Stephen Callaghan* of counsel [*Thomas A. Gaffney* with him on the brief; *Callaghan, Stout & Nova*, attorneys], for the respondents.

O'MALLEY, J. The rule of discretion laid down in *Zeltner* v. *Fidelity & Deposit Co. of Maryland* (220 App. Div. 21) and since consistently followed by this court, is to the effect that, generally, papers, books, records, etc., produced pursuant to order upon an examination before trial may be offered in evidence even though not used to refresh the recollection of the witness.

Before offering the documents in evidence, the examining party has the right of a limited inspection for the purpose of determining whether he desires to have them marked in evidence. This was the

rule even under the Code of Civil Procedure and before enactment of the Civil Practice Act, as pointed out in great detail in *Zeltner v. Fidelity & Deposit Co. of Maryland (supra,* p. 25 *et seq.*). As stated in one of the cases there cited (*Strong & Trowbridge Co. v. Defiance M. Works,* 182 App. Div. 869, 870): " Such a limited inspection is entirely proper upon an examination, for trial counsel is always entitled to inspect a book or paper, which has been produced in court by an adverse party under order or subpœna, and which is shown to contain entries relative to the issues, before taking the risk of offering it in evidence."

It is true that in the *Zeltner* case we also stated that circumstances might be such that in a proper exercise of discretion only such documents might be offered in evidence as were used to refresh the recollection of the witness. No case is called to our attention, however, wherein such limitation has been imposed by this court.

In the present case that discretion was exercised by the justice at Special Term, Part I, when, in his order directing the examination of the defendants before trial, he directed that the books, records and papers might be offered and received in evidence in addition to being used to refresh the recollection of the witnesses.

No appeal appears to have been taken from this part of the order. It was error, therefore, for the justice presiding at Special Term, Part II, to restrict the use of the papers involved. His duty was merely to determine whether they contained entries which were pertinent and relevant to the examination and within the scope of the order directing the production of books. He could not overrule the discretion exercised by the justice of co-ordinate jurisdiction.

The rules relating to examination before trial, and the manner in which discretion is to be exercised in this department, as laid down in *Zeltner* v. *Fidelity & Deposit Co. of Maryland (supra),* are reiterated and reaffirmed.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, and a direction made that the documents in question be produced pursuant to the order of Special Term, Part I, and a limited inspection and discovery permitted under the rule laid down in *Zeltner* v. *Fidelity & Deposit Co. of Maryland (supra),* with the right to the plaintiff to offer the same in evidence if she so desires even though they are not used to refresh the recollection of the witnesses.

MARTIN, P. J., TOWNLEY and CALLAHAN, JJ., concur; COHN, J., dissents and votes to affirm.

Order reversed, with twenty dollars costs and disbursements to the appellant, and a direction made that the documents in question be produced pursuant to the order of Special Term, Part I, and a limited inspection and discovery permitted under the rule laid down in Zeltner v. Fidelity & Deposit Co. of Maryland (220 App. Div. 21), with the right to the plaintiff to offer the same in evidence if she so desires even though they are not used to refresh the recollection of the witnesses. Settle order on notice.