Sidney Squire, J'.
This is the third successive motion before us in the Albany district with respect to claimant’s desire to obtain and conduct an examination before trial of the defendant.
The instant motion is to (1) direct State’s employee Mr. M. C. Fisk, District Forester, to answer specific questions as to which objections were made during the course of the examination before trial, (2) direct the defendant “to produce the contour maps and reports as originally ordered ” and (3) for such other relief as may be required including the amendment of the court’s earlier order so that section 324 of the Civil Practice Act may be utilized, as well as section 296 thereof. The State opposes each portion of the application.
Instead of proceeding seriatim, let us immediately dispose of the latter portion of the motion which seeks to utilize section 324. The two prior orders herein directed the production of *344 certain papers for nse in accordance with section 296. Section 324 was intentionally omitted because it cannot be employed in this court of limited jurisdiction, according to appellate authorities.
The Per Curiam opinion of the Appellate Division, Fourth Department, in Di Laura v. State of New York (275 App. Div. 639, 640 [1949]), unequivocally stated that “ there is no statutory authority by which the claimant may avail himself of the provisions of section 324 of the Civil Practice Act.”
Later the same court in Maloney v. State of New York (282 App. Div. 850, revg. 204 Misc. 263 [1953]) wrote the following concise memorandum: “We conclude that in the absence of statutory authority, the Court of Claims is without power to order a discovery and inspection under section 324 of the Civil Practice Act. All concur.”
In each of these two instances the orders below were reversed. Accordingly, said portion of the motion must be denied.
. Mr. Fisk, a State District Forester, was being examined herein at a courtroom in Amsterdam, N. Y., a place agreed upon by both counsel. The order therefor was dated January 22, 1959 and signed by us. In part said order directed the defendant “to produce upon each of said examinations before trial: contour map of said beach and records of maintenance and operation for said day (July 3rd, 1956) and period aforesaid (on July 3rd, 1956 and for three months prior thereto), as well as reports, if any, made on said day or within three days subsequent thereto relating to claimant’s occurrence in said area, for use in accordance with § 296 of the Civil Practice Act. ’ ’
On at least four occasions during the examination before trial, the Assistant Attorney-General repeatedly stated his misconception of the provisions of section 296 relating to records and a map. As examples, he urged: “ pursuant to § 296, which is for the purposes of refreshing recollections”; “but only for use in accordance with Section 296 to refresh his recollection ”; ‘£ and if it is necessary for him to use the records to refresh his recollection, ” “If you ask him. a question and he has to use the records to refresh his recollection ”.
During the oral argument of this motion, from the bench we read aloud subdivision 1 of said section 296: ‘£ The order or notice for taking the deposition of a party may require, in a proper case, the production of books and papers in the custody of the party to be examined, as to the contents of which an examination or inspection is desired, and on the examination the books and papers or any part or parts thereof may be offered *345 and received in evidence in addition to the use thereof hy a witness to refresh his memory.” We supplied such oral emphasis.
Counsel then abandoned his previous position but insisted that the examining lawyer had no right to any inspection of a produced paper or book. We endeavored to explain then the legal difference between a preliminary limited inspection permitted when using section 296 during an examination before trial as distinguished from a general discovery and inspection afforded by section 324 regardless of any oral examination.
So, too, was counsel unimpressed with our reference to the Zeltner case (220 App. Div. 21, infra), a, law school case for over 30 years. We are prompted to quote therefrom because during the past three years we have been compelled on dozens of occasions to rule on unfounded objections during examinations before trial in various districts.
In Zeltner v. Fidelity & Deposit Co. of Maryland (220 App. Div. 21 [1927]), Mr. Justice O’Malley wrote for the unanimous court. He reviewed the history of the relevant sections of the Civil Practice Act and the antecedent Code of Civil Procedure, writing (p. 25): “ Thereafter and up to the taking effect of the Civil Practice Act, it was held that under the statute as amended books and records might be marked in evidence in addition to their use to refresh the recollection of a witness. (See, also, Laws of 1913, ch. 278.) The distinction between a limited inspection necessary in connection with such an examination and a general inspection which might be had under the provisions of the Code relating to discovery and inspection was clearly recognized. [Citations.] ”
At page 26 he quoted the following language of Mr. Justice Shearn in Strong & Trowbridge Co. v. Defiance Mach. Works (182 App. Div. 869): “‘Appellant’s only real grievance is a provision in the order depriving defendant of the right to inspect the plaintiff’s papers and books in connection with the examination. I do not interpret the original order as one providing for a general inspection of books and papers such as would be ordered in a proper case made under sections 803-809 of the Code of Civil Procedure (now Civ. Prac. Act, § 324 et seq.). It merely contemplates the production of the books and papers, the examination of the witnesses in connection with them to show that the books contain relevant entries of transactions with the parties mentioned in the affidavit, and then the inspection of such particular accounts preparatory to offering them in evidence. Such a limited inspection is entirely proper *346 upon an examination, fox* tidal counsel is always entitled to inspect a book ox* paper, which has been produced in court by an adverse party under order or subpoena, and which is shown to contain entries relative to the issues, before taking the risk of offering it in evidence. The court, therefore, erred in ruling that the defendant could not inspect the books and papers before offering them in evidence.’” (Emphasis by Mr. Justice O’Malley.)
The foregoing principles of legal procedure are time-honored and not foreign to this court. They are binding even on an Assistant Attorney-General. Wager v. State of New York (204 Misc. 598 [1953]), an opinioxx by former Presiding Judge Lounsbebby of this court, is oft cited and quoted. At page 600, said distinguished jurist held that “ The papers now in question were used by the witnesses to refresh their recollections. It is well established that opposing counsel has the right to inspect axxy papers or memoranda so used. (Richardson on Evidence (7th ed.), § 552; annotatioxx, 125 A. L. R. 20, 194.) * * * Further, under section 296, he has the right to offer the papers so used in evidence. In fact he can offer them even though they were not used to refresh recollection. (Beeber v. Empire Power Corp., 260 App. Div. 68; Zeltner v. Fidelity & Deposit Co., 220 App. Div. 21.) ”
In passixxg, it might be well to point out that our State Legislature has dissolved the forxner distinction enunciated in New York City Car Adv. Co. v. E. Regensburg & Sons, Inc. (205 App. Div. 705 [1923]). That case held that when books and papers are produced pursuant to a subpoena duces tecum (not an order) “ their use is limited to refreshing the recollection of the witness ” (p. 707). Now, by appropriate amendments to said section 296, regardless of whether books or papers are produced pursuant to an order or notice they (subd. 1) “ may be offered and received in evidexice in addition to the use thereof by a witness to refresh his memory.” This applies also to use thereof on examination (subd. 2) “ of a person other than a party ’ ’ pursuant to order or notice with subpoena duces tecum. In addition, papers in the possessioxx or custody of one xxot a party or witness being examined, can similarly be obtained.
The motioxx papers at bar were prepared deplorably. On this type of motion a lawyer owes an obligation to the court and his adversary to fully set forth the entire objection to a question. Here, in maxxy instances, only the first sentence was quoted, omitting material portions of the Assistant Attorney General’s objection. It was grossly unfair to said counsel. *347 Such practice is not looked upon with favor. It should not be repeated.
We overrule the objections to the questions asked at p. 13, Q. 5; p. 14, Qs. 1 and 2; p. 36, Q. 1; p. 37, Q. 1; p. 38, Qs. 3 and 6; p. 39, Qs. 1 and 2; p. 40, Q. 10; and p. 42, Q. 2. We sustain the objections to the questions asked at p. 14, Q. 6; p. 17, Q. 2; p. 18, Q. 4; p. 34, Qs. 1 and 3; p. 43, Qs. 1 and 2; and p. 44, Q. 4.
When the claimant first moved for the examinations before trial the claimant’s notice of motion, dated December 12, 1958, did not delineate the books, papers and records required to be produced. Instead, there were requested “ such records relating thereto as may be relevant on the matters and issues, material and necessary to the Claimant’s affirmative claim.”
During the course of the first argument on December 23, 1958 another Assistant Attorney-General properly objected thereto. Claimant’s counsel then stated that he wanted a contour map of the beach as of the date of the occurrence (July 3, 1956) and for one year prior thereto (which we limited to three months), as well as records of maintenance and operation for that period and reports, if any, made on and subsequent to said July date.
We stated that claimant would not be entitled to any reports which are “work products ”, i.e., prepared for the defense of this claim. Claimant then said that he would be content with reports, if any made on about said July 3 by Mr. Quackenbush, the caretaker on that date at the Northampton Beach campsite south of Sacandaga Park, and by the latter’s superior, Mr. M. C. Fisk, District Forester. Both sides thought that three days time would be ample for such initial reports. Our order so provided.
It appears from the examination before trial that Mr. Quackenbush who was working at said beach in the swimming area on that day, made an oral report to Mr. Fisk on the following day, July 4, 1959, and that the latter made a written report thereafter. Mr. Fisk was not asked when he prepared his report. He was interrogated as to when the report was “ filed ”. Mr. Scott objected thereto because this court’s order of January 22, 1959 (like the first order of December 23, 1958) limited the production of the reports to any ‘ ‘ made on said date (July 3rd, 1956) or within three days subsequent thereto relating to claimant’s occurrence in said area”. The intent thereof was to direct the defendant to produce the first written report of the occurrence made by an employee or employees in the regular course of business, following said occurrence. In the interest of justice we shall amend the last dated order *348 accordingly under the third portion of the notice of motion at bar. No prejudice will result in the light of the provisions of the outstanding order.
It should be no.ted in said regard that claimant’s pleading alleges that said swimming area was constructed and maintained by the State, that while swimming thereat he was injured by an underwater obstacle or object causing among other damages a compound fracture of the nose which will require an operation for nasal deformity and that the defendant failed to warn bathers of said obstacle or object within the designated bathing area.
During the examination at bar there arose unwarranted controversy concerning a “ contour map ”. Mr. Fisk’s deposition clearly reveals that the State does not have available any contour map of this beach and swimming area as of the date involved or prior thereto. Assistant Attorney-General Scott said that none could be located. This is confirmed by affidavit in opposition to the motion. Mr. Scott further said that if one were ever located Mr. Partyka would be informed thereof.
Claimant is not entitled to the production of the survey map. We agree with the State’s position that it was prepared “ solely for defense purposes ” after the claim herein had been filed and “is a work product of the Attorney General’s office ”. Normally, anything prepared by the State subsequent to the filing of a claim cannot be inquired into by a claimant on an examination before trial. An exception to said principle is not apparent at bar.
We shall provide in the order to be entered hereon that the respective examinations before trial shall be continued and conducted before a Judge of this court at our courtroom in the Capitol at Albany. That should assure the completion of the three depositions and enable the issues to be tried during the Fall term.
Short-form order signed.