Richard J. Cardamone, J.
This is a motion, made by the Attorney-General of the State of New York, to vacate or modify a notice for an examination before trial of the defendant in the above action.
*164 Briefly, the facts are as follows:
The plaintiff instituted an action for personal injuries against the defendant, an employee of the State of New York, for the alleged negligence of the defendant. The plaintiff, simultaneously, filed a claim against the State of New York on the same grounds. On August 19,1963 the plaintiff’s attorney served the defendant’s personal attorney with a notice for an examination before trial. The notice provided: “ That for the purposes authorized by Section 296 of the Civil Practice Act, the said defendant, Vincent P. Vangura, is required to produce at such examination the following books, records and papers: all of his reports, records and communications concerning his vaccination of calves of plaintiff, Robert Andrecheck, at his farm in the Town of Warren, Herkimer County, New York on the 3rd day of June 1961, and also to bring and produce a nose hook and lead and also to produce copies of any rules, regulations, manuals, instructions and directives of the Department of Agriculture and Markets of the State of New York, issued to and for .state veterinarians- in the brucellosis vaccination of livestock.” The Attorney-General of the State of New York contends that the above notice is improper in that it seeks to take the defendant’-s testimony generally without regard to his capacity as an employee of the State of New York. The Attorney-General further objects to the above notice on the grounds that it requires the defendant to produce documents which belong to the State of New York in violation of certain provisions of law regarding depositions applicable to actions to which the State is a party.
First, it must be stated that .section 17 of the Court of Claims Act provides: “ Upon application of the claimant after notice to the attorney-general and upon proof that the examination of an officer or employee of the State or of a witness is material and so necessary that he- cannot properly prepare for trial or present his claim to the court upon the trial and that the interests of justice require the same, the court may, in its discretion, order the examination before trial of such officer or employee of the state as an adverse party, or of .such witness, to be held before one of the judges or as in section three hundred and one of the civil practice act provided. The court may grant such application upon such conditions as it deem proper.” Section 301 of the Civil Practice Act provides: “ Testimony may be taken within the state before any judicial officer, notary public, commissioner of deeds, or attorney and counselor at law.”
The provisions of article 29 of the Civil Practice Act, particularly section 296, permit, on a pretrial examination, the use *165 of subpoenaed books, papers and records to refresh the memory of a witness. The claimant’s attorney, therefore, can examine and inspect the documents in question and can examine before trial the defendant concerning them, before proceeding with the claim against the State of New York. (Surmanek v. State of New York, 18 Misc 2d 343 [1959].) Section 296 of the Civil Practice Act implements section 17 of the Court of Claims Act. (Schmiedel v. State of New York, 14 A D 2d 33 [1961], revg. 27 Misc 2d 517 [1961].) Further, the examination of State officials has been permitted by our Court of Appeals, where the State is not even a party to or interested in the litigation, in the interest of justice, and 11 as an aid to the conduct and disposition of litigation ” (City of Buffalo v. Hanna Furnace Corp., 305 N. Y. 369, 377 [1953]). In the Hanna case (supra, p. 377) the Court of Appeals wrote: 11 There has, particularly in recent years, been a distinct trend, reflected in legislative pronouncement, in court rule and in judicial decision, towards the extension and greater liberalization of the provisions for such examination * * s courts should not strain to limit the availability of such an important remedy, by narrowly circumscribing the reach of words so inclusive as ‘ any * * * person,’ whose very generality bespeaks a legislative design that the provision be accorded a very broad content. Of exceeding significance is the consideration that the ‘ testimonial duty to disclose knowledge needed in judicial investigation ’ is essentially one that rests upon all persons alike, upon public officers and agents, as well as upon private individuals ” (emphasis supplied).
The notice of examination in question is proper in all respects. The motion is denied.
■Submit order accordingly, without costs.