Thomas P. Farley, J.
The petitioner commenced this special proceeding to obtain a judgment directing the respondents to permit inspection of books and records maintained by them or by corporations in their control. The petitioner is a beneficiary under the will of her deceased father, and the respondents are the purchasers of the assets of a corporation owned by the estate, and the lessees of property of another estate controlled corporation. The petitioner states that a decree of the Surrogate’s Court which had approved the transaction was subsequently revoked because of the court’s lack of jurisdiction to issue the order. A discovery and inspection of the books and records of the purchasers is now sought so that petitioner may elect whether to ratify or rescind the transaction.
The respondents, by motion, request dismissal of the petition claiming a special proceeding to compel discovery is unauthorized ; that petitioner may obtain appropriate relief in an account *826 ing proceeding in the Surrogate’s Court; and that disclosure is not available in an accounting action until the right to an account is first obtained.
The petitioner may not maintain this proceeding to assist her in the prospective accounting proceeding to be held in the Surrogate’s Court. Former section 345 of the Civil Practice Act abolished the procedure for an ancillary action to obtain discovery in the aid of the defense or prosecution of a different action for the reason that the Practice Act provided a substitute remedy by allowing discovery and inspection in the action itself. The necessity for the commencement of an independent action to obtain such relief therefore no longer existed (Zeltner v. Fidelity & Deposit Co. of Md., 220 App. Div. 21, 28-29. See, also, Fur & Wool Trading Co. v. George I. Fox, Inc., 245 N. Y. 215, 217). The provisions of the CPLR 3101 et seq. not only continue, but broaden the scope of disclosure that was formerly obtainable, and the mere failure to incorporate former section 345 of the Civil Practice Act into the CPLR cannot be deemed an intent to revive a procedure that was long abandoned in this State because a more efficient and complete remedy had been made available. The methods of obtaining disclosure are specified in CPLR 3102, and such procedure is exclusive and binding on the petitioner.
The petitioner makes no claim that she does not possess sufficient information to frame a complaint in any action she may wish to commence in this court, and she therefore cannot obtain disclosure under CPLR 3102 (subd. [c]). Her papers also reveal that she is endeavoring to estimate her damages, and the rule is that disclosure is not available for that purpose. Nor may she obtain disclosure in a prospective accounting action until the right to an account is established (Zakarias v. Radio Patents Corp., 20 A D 2d 795). Furthermore, the claim that petitioner may not secure disclosure in the Surrogate’s Court because all the respondents are not parties to such proceeding does not establish that an examination of such persons as witnesses is precluded.
The motion is granted, and the petition is dismissed.