Baer, J.
Motions numbered 19 and 21 have been consolidated. The plaintiff’s notice of examination called for the production of the books, records and papers referred to therein. The defendant failed and refused to produce certain of them. The records in controversy were relevant and germane to the subject of the examination in the light of the written contract between the parties. That the plaintiff did not serve a subpoena with his notice of examination does not excuse the defendant. The amendment to section 296 of the Civil Practice Act which was effected by chapter 497 of the Laws of 1955, on the recommendation of the Judicial Council, simplified the practice so as to permit the production of books and papers by a party upon an examination before trial to be obtained by a simple notice, rather than by requiring an order or subpoena duces tecum. In the landmark case of Marie Dorros, Inc., v. Dorros Bros. (274 App. Div. 11, 14) our Appellate Division stated: “As a matter of administration, examinations should be arranged between the parties on a professional basis, and resort to the court by motion or objection should be had only when a serious question is raised as to the good faith, legitimate purpose or reasonable scope of the examination ”. When plaintiff’s counsel suggested that the examination should be adjourned to Special Term, Part II, of this court for rulings the defendant’s counsel should have consented thereto instead of burdening the *657 court with these unnecessary motions. While the court would have the power to grant all or part of the relief requested (Stein v. Daniels Kennedy, 163 Misc. 60; Civ. Prac. Act, § 299), the court will withhold that drastic relief, in the indicated circumstances, and will instead impose costs against the defendant and direct that the examination shall proceed at Special Term, Part II, as hereinafter indicated. The court does not, however, condone the failure to produce the relevant books, records and papers. The plaintiff’s motion is therefore granted to the extent of directing that the defendant, by D. Rosen, its president, shall attend for further examination before trial in accordance with the notice at Special Term, Part II, on January 17, 1955, at 11:00 a.m., and shall produce for use pursuant to section 296 of the Civil Practice Act the books, records and papers referred to in said notice. Motion costs in the sum of $25 are awarded to the plaintiff, same to be paid at the office of the plaintiff’s attorney within ten days from date of publication of this order in the New York Law Journal. Counsel for the respective parties should promptly communicate with each other and attempt in good faith to work out some modus operandi whereby the plaintiff can obtain the necessary data which he requires without undue disclosure of trade secrets; if unable so to agree, any necessary rulings with respect to such books and records will be made by the Justice presiding over Special Term, Part II, on the above examination date.
The defendant’s cross motion is granted to the extent only of directing that the plaintiff shall attend for examination in accordance with the notice at Special Term, Part II, on the tenth day following the completion of plaintiff’s examination of the defendant before trial, as hereinabove ordered (such date to be agreed upon between counsel), upon condition that the costs hereinabove imposed shall have been paid by the defendant; otherwise denied.