Michael Catalano, J.
The defendant moves ‘ ‘ for an order vacating the plaintiff’s notice of examination before trial, or in the alternative, modifying the plaintiff’s notice ”.
The moving papers state that this action is brought for damages for personal injuries sustained by the infant plaintiff on April 20, 1958; while a visitor he was injured on a third floor rear porch because of negligently maintained guards and rails appurtenant thereto; that the answer is a general denial; that the plaintiffs may not .select the witness of the defendant to be examined, but the defendant may select in the first instance the person with knowledge of the facts to be examined; that the notice to examine the defendant improperly seeks to inquire into ‘‘ construction of the porch and railings since 1952, by whom installed, the specifications, repairs and maintenance, and production of books and records since 1952 pertaining to these matters;” that defendant would permit inquiry for a period of one year prior to the accident; “an order requiring the defendant to appear for examination before trial by a person with knowledge of the facts with respect to all the relevant and material facts and circumstances in connection with the accident, including negligence, contributory negligence, liability and damages, and to produce thereat all relevant books and records for use pursuant to section 296 of the Civil Practice Act *851 would amply subserve every legitimate interest of the plaintiffs;” that defendant objects to an examination that extends to April 20, 1959, or one year after the date of the accident.
The plaintiffs’ answering papers state the plaintiffs seek to examine the president or other managing officer, agent or employee of defendant concerning the premises involved herein; that the information sought is necessary to prepare a bill of particulars; “ it is admitted * * * that these specific questions could fall into the general phraseology of Rule 121-a ’ ’ 1 ‘ that is all this deponent seeks, to examine that officer or employee having the specified facts within his knowledge.”
Considerable latitude should be given in examining before trial an adverse party or its employee for it is in the nature of a cross-examination to elicit the truth and shorten the trial. (Guenther v. Ridgway Co., 159 App. Div. 74, 80.) The examination of a party is a matter resting in the sound discretion of the court. (Public Nat. Bank v. National City Bank, 261 N. Y. 316, 320.)
In the first instance a corporate party ought to have the right to produce in response to a requirement for its examination the officer or employee having knowledge of the material facts. (United States Overseas Airlines v. Cox, 283 App. Div. 31, 33; see, also, Tout v. Logan, 254 App. Div. 820; Gross v. Price, 2 A D 2d 707, 708; Schiffmacker v. Niagara Frontier Tr. System, 3 A D 2d 891; MacLeod v. Roth Co., 5 A D 2d 974.)
Here, the notice improperly specified the particular officers, agents and employees of the corporate defendant to be examined in the first instance. Such matter should not be contained in the notice.
The plaintiffs may thereafter apply for an examination of other officers and employees of the defendant upon a showing that such examination is necessary. (Gale v. Board of Educ. of City of Poughkeepsie, 248 App. Div. 892.)
The condition of the porch and railings where the accident happened at the time it happened, and prior thereto, is a proper subject of inquiry. (Nieves v. Citizens Sav. Bank, 243 App. Div. 816; see, also, Angelson v. New York Rapid Tr. Corp., 240 App. 907.) The prior period may extend six months (Fisher v. City of New York, 282 App. Div. 716), one year (Lower v. County of Seneca, 286 App. Div. 992), three years (Ippa v. City of New York, 271 App. Div. 981) or six years, when the porch and railings were installed some six years before the accident, as here.
The plaintiffs may require the defendant to produce its books and records pertaining to the maintenance and construction of *852 the porch and railings, and also may examine such books and records (Gale v. Board of Educ. of City of Poughkeepsie, 248 App. Div. 892, supra); these documents may be used to refresh the recollection of witnesses and to permit the same to be offered in evidence. (Nieves v. Citizens Sav. Bank, 243 App. Div. 816, supra).
It would be an improvident exercise of discretion to require the specified persons to appear for examination, in the absence of a showing of necessity. Also, it is not necessary to detail all the various items of the examination when the general matter specified in rule 121-a of the Rules of Civil Practice will suffice. (Battaglia v. New York City Tr. Auth., 2 A D 2d 985, 986.)
Evidence of repairs after the accident is not admissible against a defendant to prove negligence (Getty v. Town of Hamlin, 127 N. Y. 636, 638; Corcoran v. Village of Peekskill, 108 N. Y. 151, 155); only to prove control can such repairs be shown. (Scudero v. Campbell, 288 N. Y. 328, 329; De Clara v. Barber S. S. Lines, 309 N. Y. 620, 629.)
Here, the plaintiffs seek to learn of repairs after the accident in a negligence action without a showing that control of the premises is in question; such inquiry is improper.
Motion to vacate plaintiffs ’ notice of examination of defendant before trial granted, without costs, and without prejudice to the service of proper notice therefor, or to the commencement of a motion by plaintiffs on proper papers; said notice or moving papers to be served within 10 days after the service on the plaintiffs ’ attorney of the order to be entered herein, with notice of entry.
Prepare and submit order accordingly.