Felix G. Benvenga, J.
Plaintiff moves to quash a subpoena duces tecum issued pursuant to section 296 of the Civil Practice Act, requiring plaintiff’s former attorney to produce certain papers and documents in connection with the proposed examination before trial of the plaintiff. A notice served simultaneously upon the plaintiff requires her to produce the same documents and papers.
Plaintiff’s former attorney has expressed his willingness to produce the subpoenaed papers and documents, subject to plaintiff’s claim that they contain privileged or other confidential communications.
Plaintiff moves to quash the subpoena on the grounds: (1) that the subpoenaed papers are not relevant to the issues involved in the instant action; and (2) that defendant seeks to *714 examine and inspect the subpoenaed papers in order to enable her to determine which of them she needs either to refresh plaintiff’s recollections or to mark in evidence. In support of her position, plaintiff relies upon cases decided prior to the 1953 amendment to section 296, which cases are either distinguishable or not in point.
Whatever the rule may formerly have been, it is now clear that where a party seeks to take the deposition of an adverse party, the notice of examination “ may require, in a proper case, the production of books and papers in the custody of the party to be examined, as to the contents of which an examination or inspection is desired, and on the examination the books and papers or any part or parts thereof may be offered and received in evidence in addition to the use thereof by a witness to refresh his memory” (Civ. Prac. Act, § 296, subd. 1); and if the books and papers are “ in the custody of a person other than the person to be examined, a subpoena duces tecum may require the production of such books and papers for use upon the examination as provided in subdivision 1 ” (Civ. Prac. Act, § 296, subd. 2).
Consequently, whether the books and papers are in the custody of the party to be examined or in the custody of a third person, the examining party may now (1) examine or inspect théir contents; (2) use them to refresh the memory of the witness, or (3) offer them in evidence.
The amendment, however, has preserved the distinction which formerly existed between a limited examination or inspection under section 296 and a general discovery and inspection under section 326; so that, where books and papers are produced pursuant to section 296 (as in the instant case), they may be examined or inspected merely as an incident to the examination and not as an end in itself (see Nineteenth Annual Report of N. Y. Judicial Council, 1953, pp. 77-78, 189-190, 195-196; Beeber v. Empire Power Co., 260 App. Div. 68; Carmody on New York Practice [7th ed.], § 433, 446).
But as section 296 provides, the production of the books and papers may be required only “in a proper case ’’. Such a case is made out, if the taking of the deposition is shown to be 11 material and necessary ’ ’ in the prosecution or defense of the action (Civ. Prac. Act, § 288). The test is one of necessity and usefulness, and not one of burden of proof (Marie Dorros, Inc. v. Dorros Bros., 274 App. Div. 11, 13-14; Parker v. Culler Furniture Co., 278 App. Div. 135, 137).
Accordingly, it is essential that the moving affidavits state facts to show that the production of the books and papers is *715 not only “ material and necessary ”, but to “ describe ” them, so far as practicable (Rules Civ. Prac., rule 122; Carmody on New York Practice, § 431). And, of course, the notice and subpoena should, likewise, describe the books and papers.
These statutory requirements have been complied with. The books and papers required to be produced fall into three categories: (1) Those relating to an Iowa action instituted by plaintiff against the trustees of her father’s estate in which plaintiff sought damages for the alleged wrongful withholding of her share of the estate; (2) those involved in the settlement or other disposition of that action, and (3) those connected with an action instituted by plaintiff’s former attorney for legal services rendered in connection with the Iowa lawsuit. It would seem therefore, that the greater bulk of the papers which plaintiff and her former attorney are required to produce are the pleadings, demands, bills of particulars, motion papers, court orders, stipulations, agreements, releases and other legal documents and papers served, filed or exchanged between the parties to the actions already mentioned.
That these papers are material and necessary to the defense of the instant action becomes apparent when it is considered: (1) That the gravamen of the action is that defendant wrongfully revealed to third persons, including the trustees of her father’s estate (the defendants in the Iowa suit), confidential communications disclosed by plaintiff to defendant in her capacity as psychiatrist and physician, as a result of which plaintiff was deprived of her share in her father’s estate for a long period of time, and (2) that the gist of the defense is that the trustees withheld plaintiff’s share of the estate for reasons other than those alleged by plaintiff.
As the defendant has a right to examine and inspect the documents and papers in question, she cannot be deprived of her right because of any difficulty or inconvenience that may be encountered in sorting them or in producing them. That may be a good reason for reference, as suggested on the argument, but not for a denial of the right of examination and inspection. Nor can defendant be deprived of her right of examination and inspection by reason of the fact that the papers are required in connection with the proposed examination of a party. A third party having books and papers in his custody may be required to produce them on any examination, whether of a party or of a person not a party, and oven though, as in the instant case, the subpoenaed person may be called to testify only in relation to his possession of the books and papers and their production by him (Civ. Prac. Act, *716 §§ 296, 403; Sasson v. Lichtman, 277 App. Div. 368, 371; Nineteenth Annual Report of N. T. Judicial Council, supra). And this rule, it seems to me, applies with greater force where, as here, the books and papers, though in the custody of a third party, are constructively in the possession of a party to the action.
There can be no doubt as to the defendant’s right to examine and inspect the pleadings and other papers served, filed or exchanged in the actions already referred to. Nor can there be any question that correspondence and other writings containing confidential or privileged matter cannot be examined or inspected. Conceivably, some dispute may arise concerning these or the remaining papers and documents. Be that as it may, counsel should attempt, in good faith, to work out some arrangement whereby the defendant can inspect or examine the contents of relevant papers or documents (see Marie Dorros, Inc. v. Dorros Bros., 274 App. Div. 11, 14, supra; Lazarus v. Rosen Bros., 1 Misc 2d 655). If unable to agree, then, as a final resort, the matter should be presented to the Justice presiding at Special Term, Part II, of this court.
The motion to quash the subpoena is denied. Settle order.