J. Irwitt Shapiro, J.
Motion by plaintiffs 1 ‘ for an order compelling the defendant to produce and discover, and to give to the plaintiffs’ attorney an inspection and copy or permission to take a copy or photograph of the defendant’s log book, record of voyage, records and all other books, documents or other papers making record of a certain voyage and/or accident on the 11th day of October, 1958 of the vessel ‘ Atomic ’, which the defendant may have in his possession or under his control.”
This is an action to recover damages for personal injuries allegedly sustained by the plaintiff wife from a fall on board the fishing vessel, the “ Atomic ”, while said vessel was at sea on October 11, 1958.
The plaintiffs conducted an examination before trial of the defendant and the latter there testified ‘ ‘ that he kept certain log books and records referring to said voyage and accident,” but, say the plaintiffs, ‘ ‘ such log books and records were not produced at the examination before trial of the defendant.”
Even a superficial glance at the notice to examine the defendant before trial reveals that plaintiffs did not require the production of any books, papers, documents or records on the examination. They could have, of course, required the production upon the examination before trial of all relevant papers and documents to be used for the purpose authorized by section 296 of the Civil Practice Act, but they did not do so.
Presumably (the testimony has not been submitted to the court), the plaintiffs fully examined the defendant “as to the *872 weather and sea conditions on the day in question ’ ’ and “as to the defendant’s operation and control of the fishing vessel,” those being the pixrposes for which they now seek a discovery of the log books. Presumably, also, they received satisfactory or at least full and complete answers to their questions.
If the defendant on the examination before trial showed any indication of being unable to recall matters which were the subject matter of the examination and upon which his memory could or might have been refreshed by the production of the log book, it is presumed that counsel would have requested an adjournment of the examination so that the log book could be produced. At least, that would have been the proper procedure.
Under such circumstances and since a general discovery and inspection of a party’s books or records will ordinarily not be allowed unless the examination permitted by section 296 of the Civil Practice Act first proves insufficient (Zlotlow v. Zlotlow, 285 App. Div. 884) and since a general discovery and inspection is usually denied without prejudice to renewal until after the completion of the examination before trial and after first showing that the examination has been unproductive and that, therefore, there is a necessity for the discovery and inspection (Battaglia v. New York City Tr. Auth., 2 A D 2d 985; Milberg v. v. Lehrich, 2 A D 2d 860), this motion must be denied without prejudice to the making of a motion for a discovery and inspection upon a factual showing that the plaintiffs have not obtained the information they now seek on the examination before trial heretofore conducted by them.
The court has not reached and, therefore, does not pass on the question whether in any event a discovery and inspection of the log book would be denied on the ground that ‘1 documents to be subject to inspection must be evidence themselves” (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 29) and “ must relate to the merits of the action ” (Faendrick v. Allied Aviation Serv. Int. Corp., 284 App. Div. 898).
If a new motion for the relief herein requested is made, the court should be advised whether there is any law which requires the keeping of a log book on a ship such as the one in question.
Motion denied without prejudice.
Submit order.