J. Robert Lynch, J.
This is a motion to quash a subpoena duces tecum served by the defendant-respondent on the plaintiff-petitioner’s hospital. Plaintiff is in the process of being examined before trial in his personal injury action. The respondent says that his testimony as to his injuries is so fantastic as to be incredible and that the hospital records are to be used solely for the purpose of refreshing his recollection. The plaintiff says that the records should not be produced because the hospital is not a party, is not even a witness sought to be examined, and that they are confidential communications.
Were it not for the claim of the privilege of a confidential communication, production of the records for the purpose sought would be ordered (Revyuk v. Dunbar, 12 Misc 2d 713; Rubel Corp. v. Rosoff, 251 App. Div. 868; Golding v. Golding, 7 A D 2d 1027). The privilege however may be waived only in open court on the trial or by stipulation (Rubin v. Equitable Life Assur. Soc., 269 App. Div. 677). The plaintiff’s examination before trial at the instance of the defendant is not a waiver *566 (Hughes v. Kackas, 3 A D 2d 402). Privileged matter cannot be so examined or inspected (Revyuk v. Dunbar, supra).
It may be that the plaintiff may be unable to prove his case on the trial without waiving. But when it comes to the privilege of a confidential communication, expedition of the inevitable is not entitled to consideration (Lipsey v. 940 St. Nicholas Ave. Corp., 12 A D 2d 414). The motion to quash is granted.