John D. Bennett, S.
Motion in this probate proceeding for a discovery and inspection of certain records allegedly in the possession or under the control of the proponent, Helen Nusbaum, or Herbert B. Nusbaum or their attorney, including bank statements, records of stock transactions and the hospital records of the decedent.
The motion is granted to the extent of requiring the production of hospital records of the decedent (Matter of Ericson, 200 Misc. 1005; Matter of Rubin, 161 Misc. 374, 379; Matter of Rosen, N. Y. L. J., Dec. 4,1961, p. 16, col. 8).
The court cannot unequivocally conclude at this time, as urged by the proponent, that the hospital records are too remote where the hospitalization was approximately within a year following the execution of the will and concerned a serious illness. The general rule of thumb in examinations before trial and probate proceedings is to allow an examination as to all relevant matters occurring within a two-year period following execution. The hospitalization of the decedent would generally therefore be relevant on an examination before trial. The examination and inspection of the hospital records shall be conducted within the limits prescribed by sections 352 and 354 of the Civil Practice Act.
As to the balance of the records or documents sought to be discovered and presumably in the possession or under the control of the proponent, Helen Nusbaum, or Herbert B. Nusbaum, it has not been demonstrated that an examination before trial of one or both of these individuals as circumstances allow, together with the production of documents under section 296 of the Civil Practice Act, will not be just as effective as a discovery and inspection (Battaglia v. New York City Tr. Auth., 2 AD 2d 985).
The balance of the motion is accordingly denied without prejudice to renewal after the conclusion of such examination or examinations as the contestant deems proper. Settle order on five days’ notice, with three additional days if service is made by mail.