Charles Margett, J.
In an action to recover damages for alleged shortages in delivery of meat by the defendant to the plaintiff over a period of three years, the defendant moves to vacate or, in the alternative, to modify the notice to examine him before trial. The plaintiff cross-moves for discovery of certain books and records pursuant to section 324 of the Civil Practice Act.
The defendant, in support of his motion, contends that the items of the notice to examine him before trial calling for the production of income tax and gross business tax reports, all bills to the defendant from Hygrade Food Products Corp., the supplier of the meat products allegedly delivered by the defendant to the plaintiff, and copies of invoices to all the defendant’s customers, including the plaintiff, for the period from January, 1959 to January 24, 1962, are improper since these books and records are not relevant to the issues raised by the plaintiff and that in any event the notice of examination should not recite the books which the plaintiff desires the defendant to produce.
A notice of examination should describe the papers to be produced pursuant to section 296 of the Civil Practice Act as far as practicable. (Revyuk v. Dunbar, 12 Misc 2d 713.) The plaintiff, however, has not adequately shown that the income tax and gross business tax reports will be necessary to develop material facts. (Conway v. Hewitt, 7 A D 2d 931; O’Grady v. Burr, 2 A D 2d 712.) Therefore, item 4 of the notice of examination requiring the production of books and records will be stricken.
Inasmuch as it is incumbent upon the plaintiff to prove that the defendant delivered less meat than he billed the plaintiff for over a period of three years, the items for the production of *184 books and records which relate to the bills of Hygrade Food Products Corp. and the copies of invoices to the customers of defendant for the period January, 1959 to January 24, 1962, are material and relevant to the allegations put in issue by the pleadings and, therefore, proper. Accordingly, the motion in all other respects is denied.
The plaintiff’s cross motion is denied since there has been no showing of necessity of discovery and inspection, pursuant to section 324 of the Civil Practice Act, before the examination to be held pursuant to the notice herein. (Battaglia v. New York City Tr. Auth., 2 A D 2d 985.)
The examination is to proceed at a date, place and time to be fixed in the order to be entered hereon.