Charles J. Beckinella, J.
Plaintiff’s motion for a discovery and inspection of certain books and papers, made pursuant to section 324 of the Civil Practice Act is granted only to the extent that the plaintiff may examine the defendants before trial — the scope of the examination to be limited to plaintiff’s right to an accounting and not as to the items of the account.
Plaintiff is not entitled to a discovery and inspection pursuant to section 324, for two reasons. Those reasons are: (1) It is “ established policy that in an action for an accounting, until the plaintiff has obtained an interlocutory judgment directing *1004 the defendant to account, plaintiff is not entitled to examine the defendant as to items essentially fiscal in nature ” (Rector, etc. v. Munsell, 11 A D 2d 698, 699). To allow the plaintiff in the instant action a discovery and inspection of “all books of account of the defendants relating to the construction of the apartment project owned by plaintiff, together with supporting documents, vouchers and cancelled checks, bills and contracts,” would be tantamount to allowing plaintiff to examine the defendants as to items essentially fiscal in nature.
It is true that the case of Rector, etc. v. Munsell (supra), as well as the cases cited as authority in that decision are all cases involving examinations before trial as distinguished from discovery and inspection. Nonetheless they are controlling here for it would be an easy evasion of the principle set forth in those cases to allow a party to accomplish through the medium of discovery and inspection what may not be accomplished via an examination before trial. (2) The second reason why there may not be a discovery and inspection here is found in that line of decisions which hold that it is “ not proper to direct a discovery and inspection of [a] defendant’s records under section 324 of the Civil Practice Act before the conclusion of the examination before trial at which the defendant’s records will be produced under section 296 of the Civil Practice Act in aid of the examination.” (Battaglia v. New York City Tr. Auth., 2 A D 2d 985, 986; see Milberg v. Lehrich, 2 A D 2d 860; Kaplan v. Kaplan, 13 A D 2d 995; Gross v. Price, 2 A D 2d 707.) In the instant action it seems that an examination before trial will afford plaintiff an adequate remedy on the question of its right to an accounting. If after the examination it shall appear that a further examination or a discovery is necessary, application may be made for such relief. (Gross v. Price; Milberg v. Lehrich, supra.)
The court has granted plaintiff an examination before trial (limited in scope as indicated above) under the “ such other and further relief ” clause in the notice of motion instead of denying plaintiff’s motion, for the reason that there is no point to requiring plaintiff to go through the process of making a motion for relief it is clearly entitled to. (See Rector, etc. v. Munsell, 11 A D 2d 698; Tooley v. Exempt Firemen’s Benevolent Assn., 13 A D 2d 685; Oboler v. Beakatron Mfg. Corp., 17 A D 2d 639.)
On the examination before trial defendants shall produce for use pursuant to section 296 of the Civil Practice Act, books and papers in its possession which relate to the question of plaintiff’s right to an accounting. Among these papers shall be the “contracts” referred to in plaintiff’s motion papers. *1005 As to the identity of the other papers to be produced, the attorneys for the parties should be able to resolve this question between themselves. If they cannot, the court will, upon the settlement of the order to be entered hereon.