Murray T. Feiden, J.
Motion for an order directing the defendant, by its motorman and conductor, to submit to an examination before trial and for the discovery and inspection of certain documents.
Defendant states that it has no objection to producing the motorman of the train allegedly involved in the accident who, it claims, is familiar with the facts concerning the operation of the train, but it objects to submitting the conductor on the ground that he has no knowledge. A corporation to be examined as an adverse party has the right to produce those witnesses having knowledge of the facts. The choice does not rest with the examining party. (See Schiffmacher v. Niagara Frontier Tr. System, 3 A D 2d 891; Shedrick v. Gary Land Corp., 17 Misc 2d 850.) If the plaintiff is not able to elicit the facts from the witness produced by the defendant, he may then take appropriate steps to obtain an adequate examination.
Defendant contends that plaintiff is not entitled to a discovery and inspection of records until after the conclusion of the examination before trial. The decisions in this Department follow the holding in Battaglia v. New York City Tr. Auth. (2 A D 2d 985) to the effect that “ it was not proper to direct a discovery and inspection of defendant’s records * * * before the conclusion of the examination before trial at which defendant’s records will be produced * * * in aid of the
examination”. (See Carden Hall v. Riden Constr. Corp., 39 Misc 2d 1003; Turnpike Delicatessen & Rest. v. Cohen, 34 Misc 2d 183; Rizzuto v. Telesca, 19 Misc 2d 871; Matter of Danielson, 32 Misc 2d 798.) The court has not overlooked the contrary holdings in the First Department in McGarry v. New York City Tr. Auth., 20 A D 2d 683; Mudge v. Hughes Constr. Co., 16 A D 2d 106; and the Special Term decisions cited by plaintiff.
Furthermore, this Department has held that plaintiff is not entitled to the production of accident reports of employees with respect to the accident. (See Ciaffone v. Manhattantown, Inc., 20 A D 2d 666, 667; Briant v. New York City Tr. Auth., 7 A D 2d 756; Carlson v. Long Is. R. R., 6 A D 2d 821; White v. Sibley Lindsay, Curr Co., 283 App. Div. 1007; Zapata v. New York City *191 Tr. Auth., N. Y. L. J., May 25, 1964, p. 18, col. 1 [Supreme Ct., Kings County, Baker, J.]; Maio v. News Syndicate Co., N. Y. L. J., Jan. 30, 1964, p. 16, col. 7 [Supreme Ct., Nassau County, Pittoni, J.]; Schaffer v. Bohack Co., N. Y. L. J., Jan. 22, 1964, p. 20, col. 1 [Nassau County, Velsor, J.].)
The court is not passing on any of the other items of discovery set forth in the notice of motion. Motion for a discovery and inspection denied without prejudice except insofar as the court has ruled in this memorandum.