In the Matter of the Estate of WILLIAM KEVILL, Also Known as WILLIAM E. KEVILL, Deceased.

Surrogate's Court, Kings County, February 7, 1938.

*Charles H. Levy*, for Grace Kevill, widow, as administratrix, etc., petitioner.

*Carmine Leo Calarco*, for Catherine Deacon, respondent.

*Sidney S. Kaplan*, for Louis B. Heller, respondent.

*Sol. I. Smithline*, for James F. Segriff, respondent.

*Louis E. Schwartz*, for Harry Heller, respondent.

WINGATE, S. The respondents in this proceeding have moved for bills of particulars respecting the allegations of the petition in this discovery proceeding and the petitioner has launched the not unfamiliar counter attack of applying for an examination before trial of the respondents for the purpose of informing himself concerning the matters in respect of which particularization is demanded. The only answers are general denials.

In this situation the respondents urge the authority of *Matter of Carney* (119 Misc. 104; affd., 206 App. Div. 734) as demonstrating the impropriety of the counter relief sought by the petitioner. In that case the learned surrogate, after quoting section 206 of the Surrogate's Court Act as it existed prior to the amendment thereof in 1924 (Laws of 1924, chap. 100), observed: " It will be noted that under this section the form of the answer seems to determine the nature of the proceeding, whether an inquiry or a trial; and it will be further noted that according to this section the proceeding becomes a trial only when the answer ' alleges title to or the right to possession of any property involved in the inquiry.' "

This observation possesses as much pertinence or irrelevance to the present issues at this time as it did in 1922, when it was made, since the only subsequent amendment to the section (Laws of 1924, chap. 100) concerned merely the right of the estate to recover the proceeds of property rightfully deliverable to it where the property itself had been made the subject of disposal by the respondent. The first and last sentences of the section have been continued unaltered and read: " If the person directed to appear submits

an answer denying any knowledge concerning, or possession of, any property which belonged to the decedent, or any property of the estate, or shall make default in answer, he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. * * * If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined and a decree made accordingly."

The conclusion of the learned surrogate as stated in the foregoing quotation from the *Carney* decision that a discovery proceeding in which no claim of title to specified property is asserted by a respondent is an " inquiry " only, while one in which an answer of ownership and right to possession is interposed is a trial, whereas possibly correct, involves a distinction which is somewhat ephemeral although a similar conception has received judicial attention in *Matter of Nutrizio* (211 App. Div. 8) and *Matter of Comfort* (234 id. 19).

The only conclusion reached by the surrogate in the *Carney* case as a result of his differentiation, namely, that the jurisdiction of the surrogate to award relief to the petitioner was ousted by the failure to assert an affirmative claim, is clearly not the law, since the contrary was expressly determined by the Court of Appeals in *Matter of Akin* (248 N. Y. 202, 205, 206) in which the respondent defaulted in answer. Such non-action is viewable as the equivalent of the interposition of a general denial (*Matter of Donnelly*, 157 Misc. 319, 320, 321, and authorities cited) such as is here present.

The attempted distinction between an " inquiry " and a " trial " appears to be rather one of nomenclature than of substance. In either situation the ultimate purpose of the proceeding is to determine whether or not the respondent has in his possession any property or the proceeds of any property, title and right to possession of which is vested in the representative of the decedent. In both cases the result of the proceeding, whether denominated an " inquiry " or a " trial," will be a determination, which will be binding and conclusive upon the parties, as to whether or not a concrete recovery by the petitioner from the respondent is permissible. (Cf. *Matter of Comfort*, 234 App. Div. 19, 25.)

It has been said that a discovery proceeding is in substance similar to an ordinary action in replevin (*Matter of Nutrizio*, 211 App. Div. 8, 13; *Matter of Blair*, 151 Misc. 192, 193; revd., on other grounds, 242 App. Div. 689; *Matter of Enright*, 149 Misc. 353, 355; *Matter of Hagan*, 157 id. 378, 381; *Matter of Donnelly*, Id. 319, 320; *Matter of Sichel*, 162 id. 2, 4), but, as has frequently been observed (*Matter of Heinze*, 224 N. Y. 1, 6; *Matter of Silverman*, 87

Misc. 571, 573, 574), it has another and more fundamental purpose, namely, that of permitting inquisition by the representative of a decedent in respect to the facts, ownership and right to possession of the estate to any property within the knowledge or control of another.

In its inception the proceeding is essentially inquisitorial in aspect, or, to borrow the familiar designation of professedly indignant respondents, " a fishing expedition." That it may rightfully be prosecuted on this basis is wholly obvious from the language of section 205 of the Surrogate's Court Act which authorizes its institution upon a demonstration on information and belief of " any facts *tending* to show " that any person has possession of or " knowledge or information " concerning property which should be delivered to the estate representative, or that a person " refuses to impart knowledge or information he may have concerning the same, or to disclose any other fact which will aid such executor * * * in making discovery of such property."

In the absence of an affirmative answer, the proceeding continues as a mere inquisition until the petitioner has established a *prima facie* case for recovery of some one or more identified items of property. From that time, however, the proceeding becomes a trial of title as to those identified items, although it may in other respects continue its initial character of an inquisition.

It will be obvious from the foregoing that in the absence of an affirmative answer, when particularization may conceivably be demandable from the respondent in amplification thereof, a bill of particulars is never permissible in a discovery proceeding. Only such particularity of allegation may be required from the petitioner as is expressly specified in the statute, and the grant of the order of examination is, in and of itself, an expression of judicial opinion that the required demonstration has been made with sufficient particularity.

Similarly, since the initial purpose of the examination in discovery is to elicit information upon which to found a demonstration for ultimate recovery of assets, it is, in itself, substantially an examination before trial for the eliciting of such facts as are requisite to enable the petitioner to sustain the burden of proof which rests upon him in the absence of an affirmative answer, of demonstrating his ownership and right to immediate possession of anything within the knowledge or control of the respondent. An additional examination of the same nature and for the same purpose would be an anomalous surplusage.

Both motions are accordingly denied.

Enter orders on notice in conformity herewith.