In the Matter of the Estate of JESSE C. MILLARD, Deceased.

Surrogate's Court, Richmond County, November 9, 1955.

*Barlow, Millard & Amann* for John C. Millard, as executor of Jesse C. Millard, deceased, petitioner.

*Joseph V. McKee* and *John J. Lynch* for St. Vincent's Hospital, respondent.

BOYLAN, S. This is an application by the executor pursuant to section 205 of the Surrogate's Court Act, to examine the hospital records of St. Vincent's Hospital, Staten Island.

The decedent was admitted to the hospital on March 7, 1955, and died at the same place three days later. The petition sets forth that while decedent was in the hospital various tests were performed on him and that an autopsy was performed after his death. The petitioner desires the examination of the hospital records to determine if the estate has any claim for personal injuries and suffering, wrongful death or any insurance claims.

The respondent does not deny having knowledge or information concerning the claims as alleged in the petition but urges in an affidavit by its attorney '' that petitioner is not entitled to the relief sought since it is not alleged nor is it a fact that said hospital has any money or specific personal property belonging to decedent or the proceeds or value thereof under its control or within its knowledge ''.

It will be noticed that section 205 is not confined to a proceeding to compel a person in the possession of property belonging to a decedent to deliver such property to the representative. It is also for the purpose of procuring information as to the property that should be inventoried and appraised as well as of the property that should be delivered to the executor that the proceeding can be brought, and an examination of a person having knowledge of the decedent's property is allowed so as to give information as to such property which the representative is required to inventory or appraise.

There is certainly no reason why the executor should not have the right to examine, to enable him to make a proper appraisal or inventory and to take the proper proceedings to ultimately secure the property for the benefit of those interested in the estate. (*Matter of O'Brien* v. *Baker,* 65 App. Div. 282.) '' the initial purpose of the examination in discovery is to elicit information upon which to found a demonstration for ultimate recovery of assets '' (*Matter of Kevill,* 166 Misc. 230, 233).

It is obvious from a reading of section 205 that it is not necessary to show that the respondent has actual possession of the property or the proceeds. Information possessed by it

which is refused is sufficient basis for the proceeding. If the respondent merely possesses information with regard to the property it may be required to disclose it.

The court is of the opinion that petitioner has met the statutory requirements for an examination of respondent and has shown sufficient reason therefor.

The application is granted.

Submit order.