McGrath, S.
The administrator seeks to examine, under sections 205 and 206 of the Surrogate’s Court Act, through its employees and agents, a city hospital and review the various memoranda, records and reports for the purpose of obtaining information which will aid the petitioner in preparing claims either for torts committed with respect to decedent during his *627 lifetime or for Ms wrongful death. It appears that decedent died at the hospital, the same day he was received. After death an autopsy was performed.
The subject matter of an inquiry in a discovery proceeding is ‘ ‘ money or other personal property, or the proceeds or value thereof ” and the object is to establish a prima facie case for the recovery of some one or more identified items of property (Matter of Kevill, 166 Misc. 230) which are capable of delivery (Matter of Denham, 182 N. Y. S. 90, affd. 180 App. Div. 935). The object of the inquiry in the Denham case was to obtain information concerning a chose in action. The court said: ‘ ‘ Where it is admitted that the object of the proceeding is to secure information about property which is incapable of delivery, an examination is unnecessary, and the proceeding should end. A discovery proceeding in this court cannot be used for the purpose of ascertaining and discovering evidence to be used in another action or proceeding.”
In Matter of Stiassni (195 Misc. 668, 673) which involved contractual rights, the court said: “ The information sought by her is * * * for the purpose of enabling her to file a claim * * *. Discovery proceedings may be utilized to compel the delivery of specific property or to obtain information in respect of the possession of specific property. Such proceedings may not be employed to obtain evidence to be used in another proceeding [citing cases].” As was said in Matter of Lusher (159 Misc. 387, 389) which ease was cited by Matter of Trevor (309 N. Y. 389): “If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction inheres. If it was based merely on a general claim against him, purely in personam, it does not.”
Section 205 of the Surrogate’s Court Act provides that the Surrogate be satisfied on the papers presented. In the light of the above the petition must be dismissed. An adequate remedy exists in the appropriate forum. The recent decision of Matter of Millard (208 Misc. 959) which is contra to this determination, was decided prior to Matter of Trevor (supra).
Submit order.