Samuel J. Silverman, S.
This is a motion to vacate an order for substituted service in a discovery proceeding under SCPA 2103. The ground of the motion is that substituted service is not available in a discovery proceeding and that the method stated in SCPA 2103 (subd. 5) is exclusive.
SCPA 2103 (subd. 5) provides: “ Service of any order herein provided must be made by delivery of a certified copy thereof to the person or persons therein named and the payment or tender to each of the sum required to be paid to a witness as a subpoena fee.”
On the literal reading of the statute, movant has a rather strong argument.
But the court can see no sense to so limiting the method of instituting a discovery proceeding, where, as here, the respondent is a resident of the State of New York and has been making it difficult for service by personal delivery to be effected. " There is a duty upon persons within the jurisdiction to submit to the service of process ”. (Gumperz v. Hofmann, 245 App. Div. 622, 624 [1st Dept., 1935], affd. 271 N. Y. 544 [1936].) Where respondent is a resident of New York and has fair notice of the proceeding, no useful purpose is served by letting respondent play games by requiring strict technical adherence to personal delivery which respondent does her best to thwart.
There is considerable statutory authority to support the availability of substituted service in this case. The order which institutes a discovery proceeding is “process ” within the definition of SCPA 103 (subd. 40). SCPA 307 (subd. 2, par. [d]) gives the court power, where it is shown that personal delivery within the State cannot be effected with due diligence, *139 to permit service of process by various methods, including substituted service.
The order instituting a discovery proceeding under SOPA 2103 partakes of the character of both a subpoena (for the examination of a witness) and an original process in an adversary proceeding, like a citation or summons. In the discovery proceeding, there can be an examination (as in a subpoena), and the trial of an issue of title (as in a plenary proceeding instituted by summons or citation). (SOPA 2104, subd. 1.) CPLR 2303 provides that a subpoena shall be served in the same manner as a summons, which of course includes substituted service. (CPLR 308, subd. 3.)
Thus to permit substituted service of a discovery order instituting a proceeding under SCPA 2103 seems to me to be consistent with our statutory scheme of procedure and with fairness and common sense.
There is a small procedural problem: apparently no subpoena fee was paid as required by SCPA 2103 (subd. 5). Indeed, there is obviously a problem about how one is to pay a subpoena fee to a respondent on whom service is made in part by affixing the process to the door of his dwelling house, etc. But SCPA 307 (subd. 2, par. [d]) authorizes substituted service subject “ to such variations * * * as the court may provide In the exercise of that authority, the court will direct that along with a copy of the order entered hereon there shall be mailed or delivered to the attorney for the respondent, for the account of respondent, the subpoena fee.
Accordingly, the motion to vacate the order for substituted service is denied on condition that a copy of the order entered herein shall be served in person or by mail upon the attorney for movant respondent within 10 days after publication of this memorandum in the New York Law Journal, together with payment of the subpoena fee. The examination shall commence on March 5, 1968, at 10:00 a.m., in the Surrogate’s Court.