Evans Y. Brewster, S.
The motion by the respondents in this discovery proceeding, which is still in the inquisitorial stage, for an order compelling disclosure by the petitioner is denied for the reasons and on the authorities cited below.
The petitioner alleges essentially that cash which was deposited by the decedent with the respondents over a nine-year *25 period, as well as cash and other assets of the decedent which were transferred hy respondents to others, in excess of the sum of $200,000 in value, should now he returned to the decedent’s estate. In support of this allegation the petitioner claims to be in possession of certain documents and vouchers evidencing these deposits. The respondents filed a general denial and prior to being examined, have moved to compel the petitioner to produce the documents and vouchers for inspection, discovery and copying ( CPLR 3120)'.
It is well known that in its inception a discovery proceeding is essentially inquisitorial and remains so until the petitioner has established a prima facie case for recovery of the property sought (Matter of Kevill, 166 Misc. 230; 3 Warren’s Heaton, Surrogates’ Courts, § 235). From that point forward, it becomes in the nature of an action for replevin. If the answer served merely asserts a general denial of the allegations of the petition and does not allege title to or the right to possession of any property involved in the inquiry, as is the case here, then the "proceeding continues just as though no answer were filed. The failure of the respondent to answer does not amount to a default, however — it is still necessary for the petitioner to prove her title to the property and right to possession of it (3 Warren’s Heaton, § 236).
Surrogate Wingate characterized the nature of the examination in this fashion: “since the initial purpose of the examination in discovery is to elicit information upon which to found a demonstration for ultimate recovery of assets, it is, in itself, substantially an examination before trial for the eliciting of such facts as are requisite to enable the petitioner to sustain the burden of proof which rests upon him in the absence of an affirmative answer, of demonstrating his [the fiduciary’s] ownership and right to immediate possession of anything within the knowledge or control of the respondent.” (Matter of Kevill, supra, p. 233.)
Viewing this initial inquisitorial phase as being akin to an examination before trial, it then logically follows that CPLR 3120 permitting discovery and production of documents should be applied with the same restraint as in those cases involving the use of this device prior to an examination before trial. Usually it is the same party who has noticed his opponent for oral deposition who also wishes to compel disclosure pursuant to CPLR 3120. The courts in the Second Department will not permit such tactics (Ossandon v. New York City Tr. Auth., 44 Misc 2d 189; 3A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. *26 3120.22). There are contrary holdings in the First Department as discussed in Rios v. Donovan (21 A D 2d 409).
In the instant case, however, the very ones who are to be examined are the ones seeking to compel disclosure. Neither counsel nor the court has found any reported case, passing upon this question. Nevertheless, such a tactic does appear to fall within the same prohibition as in cases in which the courts have denied a respondent from obtaining á bill of particulars of the petitioner during the inquisitorial phase of a discovery in which no affirmative answer has been filed (Matter of Kevill, 166 Misc. 230, supra; Matter of Kuster, 12 Misc 2d 239; 3 Warren’s Heaton, § 236). In any event, the respondents have shown no facts here which would warrant the court to compel disclosure before the examination of the respondents has taken place.
The proceeding at this stage is a mere inquisition. The petitioner still must establish a prima facie case for recovery from these respondents of the cash allegedly held by them. Should this proceeding continue beyond the examination of the respondents then it appears to the court that it would be appropriate for the respondents to then avail themselves of any disclosure devices they may deem necessary, In all likelihood, the documents sought in this case by the respondents will not only be revealed but will be identified and used by the petitioner in conjunction with her examination of the respondents thereby making any request for disclosure academic.