Raymond C. Baratea, S.
In this proceeding it was requested by the attorney for the estate that a citation on probate be served upon one of the distributees in this estate, Joan LaDuca, by mailing a copy of said citation to LaDuca by certified mail, return receipt requested. The court was satisfied, upon reading the affirmation of John L. Supple, Esq., the attorney for the estate, that LaDuca was a nondomiciliary of New York and that personal service of the citation could not with due diligence be made upon her within this State. As a result, this court signed an order permitting service upon LaDuca by certified mail, return receipt requested. (SCPA 307, subd 2, par [c].)
The attorney caused said citation to be mailed in the manner directed by the aforesaid order. However LaDuca refused to accept delivery and the citation was returned to the attorney.
SCPA 309 (subd 2, par [a]) states that service by "[m]ailing or by registered or certified mail, with or without return receipt requested” shall be complete "upon the mailing thereof’. SCPA 309 (subd 2, par [a]) was amended by section 1 of chapter 772 of the Laws of 1969 by inserting "with or without return receipt requested”. The Surrogate’s Association in a note appended to chapter 772 of the Laws of 1969 provided: "Section 309 is clarified by an explicit statement that a requirement in the court order for return receipt does not postpone the time of completion of service”.
These statements are to aid when the return day of the citation may be set in conformance with SCPA 308 (subd 1, par [a]).
The highest and best form of service is personal service upon the person whom notice is required. However, as an alternate to such personal service and to facilitate proceedings, alternate methods, upon court order are permitted. The goal to keep in mind is that the person upon whom notice is required receives this notice.
Although under SCPA 309 (subd 2, par [a]) such service is technically complete on mailing for the purpose of establishing time requirements of SCPA 308 (subd 1, par [a]), if the *738 respondent refuses to accept delivery, and the mail is returned to the sender with the return receipt unsigned, service in fact is not complete, regardless of the statute, and the court will not file the proofs of service and mark service complete without the signed return receipt. (10 Cox, Arenson, Medina, NY Civ Prac — SCPA, par 309.05.)
Further, in this particular situation, the attorney for the estate, has also submitted a notice of appearance containing a waiver of the issuance of process on LaDuca and a consent that the writing offered herein be admitted to probate by an attorney on behalf of LaDuca.
SCPA 401 (subd 3) states that where a party is a nondomiciliary the court may require that any person appearing for the party furnish acknowledged evidence of authority to appear. In view of the refusal to accept delivery of the mailing herein this court in its discretion will require acknowledged evidence of this attorney to appear on behalf of LaDuca either by affidavit of the attorney appearing or an acknowledgment by LaDuca of his authority.