OPINION OF THE COURT
C. Raymond Radican, J.
In order to complete jurisdiction in this accounting proceeding, the petitioner has made a dual request for service of process on five of the residuary legatees. Two of the legatees are nondomiciliaries of the State of New York, and an order is sought to serve them by certified mail, return receipt requested, at their residence addresses in the State of Florida. It is alleged that the three other legatees are traveling outside the State, of New York and cannot be served personally. It is further alleged that Joseph Broxmeyer, one of the three, has abandoned his domicile in the State of New York and has been evading service. Petitioner’s attorney alleges that efforts to serve these three individuals have been unsuccessful. His affirmation describes one David Schachne as a business associate and accountant for the three legatees. The attorney wishes to serve the first supplemental citation returnable on May 20,1981 on the three legatees by mailing a copy of the citation by certified mail, return receipt requested, to their last known residence and business addresses and by mailing a copy on behalf of each of them to David Schachne by certified mail, return receipt requested. It is contended *810 that if served he is capable of advising these individuals of his having received service on their behalf. The attorney seeks a second supplemental citation for service upon the respondents living in Florida.
The manner in which a court prescribes service of process must be one best calculated to give notice to the individuals to be served. With respect to Marvin Glick and Muriel Cantor, residents of the State of Florida, service by mail is permitted under SCPA 307 (subd 2, par [b]). The more difficult issue involves serving the three other residuary legatees. Mr. Schachne clearly is not the typical person designated under CPLR 318 who may receive service on behalf of a natural person, corporation, or partnership. He does appear, however, to come within the ambit of SCPA 307 (subd 2, par [e]) which permits service upon a person whose relationship to the respondent is such that service upon such person may be deemed reasonably calculated to assure the respondents getting notice of the proceeding. This is a rarely used provision, and there is no parallel in the Civil Practice Law and Rules. Nonetheless, in Totero v World Tel. Corp. (41 Misc 2d 594), the Supreme Court permitted service upon a nondomiciliary’s literary agent although he was not the defendant’s agent in respect of the matter or business transaction from which the action arose. The theory being that service upon the agent would meet the requirements of due process by serving a person best calculated to give notice to the defendant. It is the court’s opinion that for the sake of some consistency in an otherwise fragmented case, a second supplemental citation will be issued including the names of all five residuary legatees to be served. As to Marvin Glick and Muriel Cantor, residing in Florida, the proposed order for mailing will be signed if found to be in proper form. As to Stanley Broxmeyer, Joseph Broxmeyer, and Pearl Schefflan, an order directing service by mail to their residence and business addresses will be signed with the condition that a copy of the second supplemental citation will be served personally and not by mail upon David Schachne under SCPA 307 (subd 2, par [e]).