OPINION OF THE COURT
Lee L. Holzman, J.
The question raised in this SCPA 2103 discovery proceeding is whether an inquest hearing may be held against respondent, who failed to appear to testify before the court after she had been personally served in Florida with an order to attend *439 and be examined about funds which are alleged to be assets of the estate in her possession. The court has found that many attorneys are unaware that a discovery proceeding will travel upon two quite different paths depending upon which of the two methods of process provided for in SCPA 2103 (3) is used to obtain jurisdiction over the respondent.
In those instances where the petition contains a request for an inquiry or an examination (deposition) of the respondent, the respondent is served with an order to "attend and be examined”. In the alternative, in those applications where petitioner is aware of the specific property at issue, an inquiry is not requested and instead a citation issues to the respondent to show cause why the property should not be delivered to the petitioner. Both the manner in which process is required to be served and the relief that may be granted in the event of a default are determined by the type of process that was served upon the respondent.
Here, petitioner requested an inquiry about funds alleged to be in the possession of respondent and belonging to decedent. Based upon this request, an order was entered directing respondent to appear before the court and be examined about this property. The order further directed that respondent be personally served with a certified copy of the order and a copy of the papers upon which it was based and that respondent be paid the witness fee required by SCPA 2103 (5). The affidavit of service indicates that personal service of the order, together with a check in the sum of $263, was made upon respondent in Florida, her apparent domicile. Respondent failed to appear before the court on the date set forth in the order. Thereupon petitioner moved that the matter be set down for an inquest. An attorney then put in a "limited” appearance on behalf of the respondent and argued that the court could not grant any relief against respondent because she was not served with the order in New York.
A discovery proceeding instituted by an order to attend and be examined "partakes of the character of * * * a subpoena” inasmuch as it directs the respondent to appear for an examination (Matter of Marko, 56 Misc 2d 138, 139). Further indication that an order to attend and be examined is merely a "specialized” type of subpoena is that when it is served the respondent must also be paid the sum required to be paid to a witness as a subpoena fee (SCPA 2103 [5]). The deposition which is held pursuant to the order to attend and be examined is frequently referred to as the "inquisitorial” stage of *440 the discovery proceeding and it may be viewed as akin to obtaining an order under CPLR 3102 (c) for disclosure before an action is commenced to aid in bringing the action. In discovery proceedings commenced by an order to attend and be examined, the proceeding is not treated as a "litigated” matter on the merits until after the respondent is directed to file an answer and an issue of title is raised (SCPA 2104).
This "specialized” type of subpoena in a discovery proceeding may, under appropriate circumstances, be served by substituted service within the boundaries of New York State (Matter of Marko, supra). However, Judiciary Law § 2-b (1) indicates that the issuance of a subpoena requires "the attendance of a person found in the state to testify” (emphasis added). Therefore, "long-arm” jurisdiction is inapplicable to the service of a subpoena and out-of-State service of a subpoena is void (Siemens & Halske, GmbH, v Gres, 37 AD2d 768; Israel Discount Bank v P.S. Prods. Corp., 65 Misc 2d 1002; Beach v Lost Mountain Manor, 53 Misc 2d 563).
Here, the service of the order to attend and be examined upon respondent in Florida cannot be given any effect. Furthermore, even if it had been properly served, the failure to appear and be examined as ordered by the court could certainly result in the imposition of penalties for contempt of court (SCPA 606) but it would be inappropriate for this default to be the basis for an inquest hearing as a prelude to the entry of a judgment for a sum of money. Due process dictates that a person be plainly warned that the failure to respond to the process that has been served could result in the entry of a monetary judgment before such relief can be granted. The order to attend and be examined that was served upon respondent in this matter made reference to specific property but it did not clearly apprise respondent that her failure to appear could result in the entry of a monetary judgment against her.
Accordingly, petitioner’s request for an inquest hearing is denied without prejudice to his right to serve a citation upon respondent in this discovery proceeding directing her to show cause why she should not deliver specific property or its proceeds or value to petitioner (SCPA 2103 [3]). Of course, if this is an appropriate matter for the court to exercise "long-arm” jurisdiction and the process that is served sufficiently apprises respondent of the property at issue, the court could hold an inquest or enter a judgment based upon the default of respondent even though she was served with the citation out *441 of the State. Moreover, should respondent file an answer in response to this citation, petitioner could still avail himself of the disclosure devices provided in CPLR article 31 and file an amended petition in the event that the disclosure obtained warranted that course of action.