OPINION OF THE COURT
C. Raymond Radigan, J.
In these private placement adoption proceedings, the children’s maternal grandfather is the petitioner. The children’s mother is deceased and the natural father is alleged to have abandoned the children. A question has arisen as to the adequacy of service of citation on the father.
The father is in a prison in the Dominican Republic. This *602 court directed service of citation upon him by regular mail and registered airmail at the place where he is incarcerated. While the regular mail envelope was never returned and is presumed received (10 Cox-Arenson-Medina, NY Civ Prac 11 309.05), the registered mail envelope was returned unclaimed.
At least one group of commentators (10 Cox-Arenson-Medina, NY Civ Prac ¶ 309.05) is of the opinion that service by registered mail, return receipt requested or not, is not complete on mailing where the addressee refuses to accept delivery. At least one court has held service incomplete on mailing where the order directed service by registered mail return receipt requested and the return receipt was returned unsigned (Matter of Mackey, 91 Misc 2d 736 [Sur Ct, Dutchess County]).
In this case, the order provided for service by regular mail and registered mail; there was no mention of a return receipt nor did the court require the filing of the return receipt to complete service. The order provided that two methods of service be utilized in order to increase the likelihood of respondent receiving actual notice of these proceedings. There was no requirement, however, that respondent actually receive both pieces of mail. If there were, jurisdiction would be incomplete in a case where the return receipt is signed and returned but the regular mail envelope, for whatever reason, is never received.
The method of service in this case satisfies the requirements of due process (see, Mullane v Central Hanover Trust Co., 339 US 306; Dobkin v Chapman, 21 NY2d 490). The court is satisfied that the order for service by mail was complied with and that service, at least by regular mail, was complete on mailing, thereby completing service and conferring jurisdiction. The court also finds that service by registered mail without return receipt requested was also complete on mailing pursuant to SCPA 309 (2) (a) and respectfully disagrees with those courts and commentators having a contrary view.
Jurisdiction therefore being complete, allegations sufficient to support a finding of abandonment having been made and respondent’s default having been noted, respondent is found to have abandoned the children within the meaning of Domestic Relations Law § 111; his consent to the adoption is accordingly dispensed with.