OPINION OF THE COURT
Peter J. Kelly, S.
In this SCPA 2103 proceeding seeking discovery and turnover of assets of decedent’s estate, respondent David Eshaghian (hereinafter David) moves for an order staying the proceeding (CPLR 2201) and for a protective order (CPLR 3103) denying the demand by petitioners, Mahrokh Eshagian and Tanaz Eshagian (hereinafter Mahrokh and Tanaz), for discovery and inspection.
As far as is pertinent, the facts in this long running dispute are as follows: The decedent and his brother David Eshaghian were engaged in, among other things, owning and managing real estate until decedent’s death on May 5, 2003. Mahrokh and Tanaz, who are the decedent’s wife and daughter, have *922 been involved in a series of hotly contested proceedings with David since that time concerning the ownership and valuation of various assets, both personal and real.
Insofar as the real property is concerned, decedent and David held title in numerous parcels through partnerships, corporations and limited liability corporations. The properties are located in New York and elsewhere in the United States and they are worth several millions of dollars. In the current proceeding, petitioners seek to examine respondent regarding the entities involved in the ownership and management of the subject real estate to determine the extent and value of the estate’s ownership interest in them.
By order to show cause dated October 21, 2014 the court directed respondent to appear and be examined regarding these issues. Additionally, the order to show cause provided that he should deliver to the petitioners all information and records in his possession owned by decedent regarding these entities.
After service of the order to show cause petitioners served a demand for discovery and inspection dated November 19, 2014 pertaining to 21 real estate entities, seeking numerous banking, tax, appraisal, financial and operating documents and/or correspondences relating to same. In response, the instant motion seeking a stay and a protective order has been filed.
In support of the branch of the motion seeking a stay, respondent contends that a stay should be imposed pending the resolution of the “global proceeding” (file No. 2003-1916/D). That proceeding was brought by David pursuant to SCPA 2102 (1) and sought an inquiry of Mahrokh and Tanaz and to compel them to divest themselves of any interest in the subject entities. Mahrokh and Tanaz had served an answer containing numerous counterclaims which, in essence, dealt with the same issues upon which their current petition is based. By decision and order of this court dated January 15, 2014 the counterclaims were dismissed and the matter was found to be concluded. A motion for renewal and/or reargument and for leave to serve an amended answer was thereafter denied by decision and order dated July 9, 2014. Mahrokh and Tanaz have appealed both decisions to the Appellate Division, Second Department. Respondent contends that if the appeal is successful, then the “global proceeding” will be revived and there will be two proceedings seeking identical relief.
“Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in *923 a proper case, upon such terms as may be just” (CPLR 2201; see Ingram v Miller, 114 AD3d 908 [2014]; Morreale v Morreale, 84 AD3d 1187 [2011]). The court has broad discretion to grant a stay in order to avoid “the risk of inconsistent adjudications, application of proof and potential waste of judicial resources” (Matter of Tenenbaum, 81 AD3d 738, 739 [2011], quoting Zonghetti v Jeromack, 150 AD2d 561, 563 [1989]). A stay should not be granted, however, unless the other action presents complete identity of parties, causes of action and relief sought (see Esposit v Anderson Kill Olick & Oshinsky, 237 AD2d 246 [1997]; Matter of Donner, 161 AD2d 405, 406 [1990]; Estate of Schwartz, NYLJ, Sept. 10, 2001 at 25, col 4, 2001 NY Misc LEXIS 1428 [Sur Ct, Queens County 2001]). “Some excellent reason would have to be demonstrated before a judge is asked to bring to a halt a litigant’s quest for a day in court” (Estate of Schwartz, NYLJ, May 21, 1997 at 1, col 3, 1997 NY Misc LEXIS 772, *2 [Sur Ct, Suffolk County 1997]; see Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C220L7).
Contrary to respondent’s contention, there is no basis to delay the prosecution of this SCPA 2103 proceeding based upon an appeal of the SCPA 2102 proceeding. An inquiry was held in that matter and the court found the balance of the proceeding wherein Mahrokh and Tanaz were seeking various claims for relief by counterclaims to have been improperly commenced. To delay a properly commenced proceeding seeking appropriate relief on the basis sought would only serve to delay the administration and final distribution of this estate even further. Respondent also fails to set forth any sufficient reason for this court, in its discretion, to impose a stay. Accordingly, the branch of respondent’s motion for a stay is denied.
Secondly, respondent argues that he is entitled to a protective order regarding petitioners’ demand for discovery and inspection contending that CPLR article 31 discovery is not permitted during the inquisitorial phase of an SCPA 2103 proceeding. In support of his position, respondent cites several cases which he states stand for the “long standing” proposition that CPLR article 31 discovery is not available at the inquisitorial phase of a discovery proceeding.
The theory that pretrial discovery is not allowed as part of an inquiry under article 21 of the SCPA traces its lineage to Battaglia v New York City Tr. Auth. (2 AD2d 985 [1956]), a 1956 decision of the Appellate Division, Second Department. *924 That decision, interpreting sections 324 and 296 of the Civil Practice Act, held that a party seeking to obtain an order compelling discovery and inspection under Civ Prac Act § 324, a statute which did not state when the relief provided for could be obtained, should not seek such relief prior to the conclusion of an examination before trial (Civ Prac Act § 296). Although not followed by the courts in the First Department (see e.g. Mudge v Hughes Constr. Co., 16 AD2d 106 [1962]), this holding was adhered to by trial level courts, including the surrogate’s courts, in the Second Department (see e.g. Ossandon v New York City Tr. Auth., 44 Misc 2d 189 [1964]; Matter of Lukas, 79 Misc 2d 24 [1974]).
Those cases, however, are clearly inapplicable under the current statutory scheme regarding pretrial discovery. CPLR 3120 (1) now provides that “[a]fter commencement of an action” any party may serve on any other party a notice for discovery and inspection. While issue in this proceeding may not yet be joined, a proceeding has been commenced, respondent is a party, and the statute is clearly applicable. Although respondent cites several other surrogate’s court reported cases which he avers support his position (Matter of Mirsky, 145 Misc 2d 438 [Sur Ct, Bronx County 1989]; Matter of Nathan, NYLJ, Mar. 27, 2001 at 20, col 4, 2001 NY Misc LEXIS 1427 [Sur Ct, Nassau County 2001]), those cases are factually distinguishable and mainly stand for the proposition that CPLR article 31 discovery is available to parties after the inquiry phase of the proceeding is finished, a point not seriously contested herein.
To the extent it may be argued that such cases could stand for the proposition espoused by respondent, the court declines to adopt these holdings as their analysis is based upon the previously cited case law which, as noted, is itself founded upon outdated and repealed statutes. Respondent’s insistence that the court blindly adhere to outmoded discovery procedures makes no more sense than the court requiring parties to adhere to bygone requirements of common pleas and demurrers.
Finally, as this is a discovery proceeding in which petitioners are attempting to obtain information, there does not seem to be a logical basis to allow an inquiry of oral information held by respondent but not of documentary information the same witness possesses. And despite counsel’s kind offer to produce their client for yet another examination subsequent to an original inquiry with the consequential production of documents, *925 the court is not convinced that such a scenario would be the most efficient use of the respondent’s time, the estate’s assets or the court’s facilities.
Insofar as the merits of the protective order are concerned it is clear under any analysis that books, records and correspondence pertaining to the ownership, operation and valuation of the 21 entities are relevant and must be produced. Insofar as petitioners should have documents in their possession regarding the Cushman & Wakefield and the Haims valuations and documents obtained pursuant to the May 21, 2007 stipulation, respondent need not produce such documents and need not provide a response to items 4, 6, 8 through 11 inclusive, 13, 15, 17, 20, 22, 23, 28, 30, 34, 35 and 43 regardless of date, at this time.
Accordingly, the branch of the motion for a protective order is granted only to the extent set forth above.