Matter of Brusie (2020 NY Slip Op 02390)





Matter of Brusie


2020 NY Slip Op 02390


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


38 CA 19-01261

[*1]IN THE MATTER OF THE ESTATE OF HOWARD MAX BRUSIE, ALSO KNOWN AS HOWARD M. BRUSIE, DECEASED. LISA FITZAK, PETITIONER-APPELLANT.






DONOHUE LAW OFFICES, TONAWANDA (BARRY J. DONOHUE OF COUNSEL), FOR PETITIONER-APPELLANT.


 Appeal from an order of the Surrogate's Court, Orleans County (Sanford A. Church, S.), entered June 28, 2019. The order denied and dismissed the petition for probate and vacated the order issuing preliminary letters testamentary. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking admission to probate of the will of Howard Max Brusie, also known as Howard M. Brusie (decedent), and the issuance of letters testamentary. She also requested the issuance of preliminary letters testamentary. Surrogate's Court granted the request for preliminary letters testamentary and issued a citation to each of decedent's four children, including a daughter who lived in Florida (nondomiciliary daughter). Petitioner sent the citation to the nondomiciliary daughter at her residence in Florida via certified mail, return receipt requested, pursuant to SCPA 307 (2). However, it was not the nondomiciliary daughter who signed the receipt but her purported daughter-in-law, who allegedly lived with her. The Surrogate determined that he lacked jurisdiction over the nondomiciliary daughter in the absence of evidence establishing that she actually received the citation and directed petitioner to provide such evidence. Petitioner failed to comply with the Surrogate's directive. Petitioner appeals from an order that denied and dismissed the petition for probate and vacated the order issuing preliminary letters testamentary. We affirm.
We reject petitioner's contention that the Surrogate erred in concluding that he lacked jurisdiction over decedent's nondomiciliary daughter. Although proof that the nondomiciliary daughter actually received the citation is not required under SCPA 307 (2) (see Matter of Daly, NYLJ, Mar. 31, 2003 at 7, col 1 [Sur Ct, Dutchess County 2003]), the Surrogate had broad discretion under SCPA 307 (3) and 309 (2) to direct that proof of actual receipt be submitted (see generally Dobkin v Chapman, 21 NY2d 490, 498-499 [1968]; Matter of Behm, NYLJ, May 15, 2018 at 27, col 4 [Sur Ct, Richmond County 2018]; Matter of Ramon, P.L., 147 Misc 2d 601, 602 [Sur Ct, Nassau County 1990]; Matter of Mackey, 91 Misc 2d 736, 737-738 [Sur Ct, Dutchess County 1977]). Petitioner's failure to comply with that directive permitted the Surrogate to conclude that he lacked jurisdiction (see generally SCPA 307 [3]).
We similarly reject petitioner's contention that the Surrogate erred in vacating the award of preliminary letters testamentary. Contrary to petitioner's view, the Surrogate acted within his discretion in determining that preliminary letters were not in the best interest of the estate because jurisdiction had not been obtained over all necessary parties (see Matter of Bayley, 72 Misc 2d 312, 316 [Sur Ct, Suffolk County 1972], affd 40 AD2d 843 [2d Dept 1972], appeal dismissed 31 NY2d 1025 [1973]), and although the Surrogate could have issued preliminary letters to the public administrator, the Surrogate was not required to do so (see generally Matter of Mandelbaum, 7 Misc 3d 539, 541-542 [Sur Ct, Nassau County 2005]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court