Matter of Pollina (2020 NY Slip Op 08068)





Matter of Pollina


2020 NY Slip Op 08068


Decided on December 30, 2020


Appellate Division, Second Department


Duffy, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-06596

[*1]In the Matter of John Pollina, deceased. Allison Weeks, appellant; Victoria Pollina, et al., respondents-respondents, et al., respondents. (File No. 367/17)



APPEAL by Allison Weeks in a probate proceeding in which she petitioned, inter alia, to vacate a decree entered February 21, 2018, among other things, admitting to probate the decedent's last will and testament, from an order of the Surrogate's Court (Matthew J. Titone, S.), dated April 23, 2019, and entered in Richmond County. The order denied the petition, inter alia, to vacate the decree.



Borrell & Riso, LLP, Staten Island, NY (Jeffrey F. G. Borrell of counsel), for appellant.
The Law Offices of Soyka & Soyka PLLC (Gyimesi & Wedinger, P.C., Nyack, NY [Laurel A. Wedinger], of counsel), for respondent-respondent Victoria Pollina.
Bonfiglio & Asterita, LLC, Staten Island, NY (Grace E. Jang of counsel), for respondent-respondent Ellen Pollina.



DUFFY, J.


OPINION & ORDER
The novel issue on this appeal, which has not previously been addressed by this Court and for which little appellate law exists, pertains to the scope of the authority of a Surrogate's Court in determining, nunc pro tunc, whether service of process on an out-of-state party has been effectuated pursuant to the provisions of the Surrogate's Court Procedure Act that govern service of process. For the reasons that follow, we hold that the Surrogate's Court was empowered to deem effective, nunc pro tunc, a substituted method of service on an out-of-state party, Allison Weeks (hereinafter the appellant), and, since diligent efforts to serve the appellant via SPCA 307(2) were unsuccessful, substituted service of a citation on the appellant by regular first-class mail pursuant to SPCA 307(3) was valid under the circumstances of the case. Thus, we affirm the order dated April 23, 2019. The order denied the appellant's petition, inter alia, to vacate a decree entered February 21, 2018 (hereinafter the decree), admitting to probate the decedent's last will and testament (hereinafter the will), on the ground of lack of personal jurisdiction.
Background of the Proceeding
In April 2017, Victoria Pollina, a daughter of the decedent and the executor of the decedent's will (hereinafter the Executor), filed a petition in the Surrogate's Court, Richmond County (hereinafter the probate petition), to probate the decedent's will.
According to the probate petition, the decedent died in September 2016, survived by [*2]his wife, a son (hereinafter the brother), the Executor, and the appellant, who is the decedent's other daughter. After the Executor filed the petition, the Surrogate's Court issued a citation, inter alia, directing the decedent's wife, the brother, and the appellant to appear for a hearing, scheduled for June 7, 2017, and July 12, 2017, if they had any objections to the probate of the will.
Service of the Citation
As is relevant to this appeal, according to the Executor, although the appellant was served with the citation directing her to appear on June 7, 2017, and/or July 12, 2017, if she had any objections to the probate of the will, she failed to appear. The Executor contended that attempts to serve the appellant with the citation occurred on May 1, 2017, pursuant to SCPA 307(2), by both United States Postal Service certified mail, return receipt requested, and Federal Express delivery to the appellant's address in Ohio. According to the Executor, the certified mail was returned as unclaimed and, after three unsuccessful delivery attempts requiring signature by Federal Express, the Federal Express envelope also was returned. Thereafter, on June 9, 2017, the Executor caused service of the citation to be made on the appellant by regular first-class mail. That mail was not returned.
Issuance of the Decree
On the first return date of the citation, the appellant did not answer or appear at the Surrogate's Court. On the second date, July 12, 2017, when the appellant again failed to appear, the Executor asked the court to deem service of the probate citation on the appellant complete. In an order dated July 14, 2017 (hereinafter the July 2017 order), the court granted the application, finding service of the citation upon the appellant complete and determining, in effect, that it therefore had jurisdiction over the appellant. The court also determined, in effect, that the appellant's absence constituted a lack of any objection to the petition to probate the will.
Thereafter, in February 2018, the Surrogate's Court issued a decree admitting the will, without contest, to probate, as well as issuing letters testamentary.
Appellant's Petition
In April 2017, the appellant retained counsel to represent her in the probate proceeding. That attorney never filed a notice of appearance with the Surrogate's Court.
Thereafter, the appellant retained new counsel and, in July 2018, filed a petition, inter alia, to vacate the decree on the ground of lack of personal jurisdiction. The appellant alleged that she was not served with the citation pursuant to SCPA 307 and, since she was not properly served and had not signed a waiver of process and consent to probate, the Surrogate's Court never obtained personal jurisdiction over her.
The Executor opposed the petition and, among other things, pointed to an affidavit of service of the citation which averred that after several unsuccessful attempts to serve the appellant via certified mail and Federal Express delivery requiring signature, the appellant was served via regular first-class mail. The Executor also pointed out that the Surrogate's Court had deemed service on the appellant complete in the July 2017 order.
The April 2019 Order
In an order dated April 23, 2019 (hereinafter the April 2019 order), the Surrogate's Court denied the petition, inter alia, to vacate the decree. Among other things, the court determined that since the appellant had knowledge of the status of the proceeding and service on her had been "properly effected," the petition to vacate should be denied. This appeal ensued.
Appellant's Notice of the Proceeding
The appellant acknowledges that, before the scheduled June 7, 2017, and July 12, 2017, Surrogate's Court dates, she had obtained a copy of the notice of probate and retained counsel to represent her in the proceeding and, at some point, obtained a copy of the will that the Executor sought to have probated. Indeed, emails between the appellant and her prior attorney evidence that the appellant was aware of the July 12, 2017, hearing prior to its date, and that she was also aware of a subsequent court date for the probate proceeding.
Scope of Authority of Surrogate's Court
A decision to vacate a probate decree is within the discretion of the Surrogate's Court (see Matter of Martorano, 87 AD2d 592; see also Matter of Sfouggatakis, 23 Misc 3d 1105[A], 2009 NY Slip Op 50595[U] [Sur Ct, Kings County]; SCPA 209[1]).
A necessary party to a probate proceeding may obtain vacatur of a decree upon evidence that he or she was not served with process (see Matter of Rank, 14 AD2d 644; see also [*3]Matter of Sfouggatakis, 23 Misc 3d 1105[A], 2009 NY Slip Op 50595[U]). SCPA 307(2), which typically governs service of process over individuals such as the appellant who are domiciled outside of New York and are necessary parties to a probate proceeding in New York, sets forth that service should occur by registered or certified mail, return receipt requested, or by special mail service. Federal Express is considered a special mail service (see SCPA 103[37-a]).
Nonetheless, although SCPA 307(2) dictates that those methods of service should be undertaken for parties such as the appellant, when diligent efforts to effectuate such service pursuant to SCPA 307(2) are unsuccessful, for example, when service on a party is being evaded or is not practical or cannot be effectuated, the Surrogate's Court is well within its authority to authorize a substituted method of service pursuant to SCPA 307(3), relying on CPLR 308 for guidance (see e.g. Matter of Sucich, 47 Misc 3d 1209[A], 2015 NY Slip Op 50523[U] [Sur Ct, Dutchess County]; Matter of Broxmeyer, 108 Misc 2d 809, 809-810 [Sur Ct, Nassau County]; Matter of Marko, 56 Misc 2d 138, 138-139). Specifically, SCPA 307(3) authorizes substituted service pursuant to court order (see e.g. Matter of Skolnick, 108 AD3d 720, 722; see also Matter of Sucich, 47 Misc 3d 1209[A], 2015 NY Slip Op 50523[U]).
Thus, here, although the Surrogate's Court could not find that service of the citation on the appellant was effectuated pursuant to SCPA 307(2) because the service by both certified mail, return receipt requested, and Federal Express were unsuccessful (see e.g. Matter of Mackey, 91 Misc 2d 736, 737-738 [Sur Ct, Dutchess County]), it was able to authorize another method of service (see Matter of Sucich, 47 Misc 3d 1209[A], 2015 NY Slip Op 50523[U]; Matter of Broxmeyer, 108 Misc 2d at 810). However, the Executor undertook to serve the appellant by regular first-class mail before seeking the approval of the court to do so. As a result, at issue is whether the court is empowered to authorize substituted service, nunc pro tunc, when a party undertakes such service before seeking an order allowing it to do so. For the reasons herein, we find that the court is empowered to authorize substituted service nunc pro tunc.
The purposes of efficiency and economy dictate that, in the ordinary course, a party in a proceeding before the Surrogate's Court should apply to that court for an order permitting substituted service pursuant to SCPA 307(3)(b) prior to effectuating such service, since a party runs the risk of a refusal by the court to authorize such service or the court might authorize a different method of substituted service. However, although litigants must be cautioned that such procedure is not typical, we note that the authority of the Supreme Court in civil cases to approve, nunc pro tunc, substituted service of a summons pursuant to CPLR 308(5) has already been recognized (see e.g. Morgan Guar. Trust Co. of N.Y. v Hauser, 183 AD2d 683 [where defendant received actual notice of the action from her counsel and service on the defendant was impractical since her residence was unknown, the First Department affirmed the Supreme Court's recognition, nunc pro tunc, of prior substituted service]; Rodgers v Rodgers, 32 AD2d 558, 559 [this Court reversed a Supreme Court judgment dismissing a complaint for lack of personal jurisdiction; deeming, in effect, the prior substituted service proper, nunc pro tunc, given that personal service was not feasible and the substituted service effected was reasonably calculated to give notice of the action and opportunity to be heard]).
Notably, SCPA 209(10) and (11) provide the Surrogate's Court "all of the powers that the supreme court would have in like actions and proceedings including, but not limited to, such incidental powers as are necessary to carry into effect all powers expressly conferred herein" and "[t]he enumeration of powers herein shall not be deemed exclusive" (see Matter of Wiggins, 200 AD2d 813, 817).
Since mandated service of a citation on necessary persons in a probate proceeding is akin to the service of a summons in civil litigation, and the Surrogate's Court has authority comparable to that of the Supreme Court with respect to issuing orders regarding service of process and authorizing substituted service (see e.g. Matter of Pavese, 195 Misc 2d 1, 5-6 [Sur Ct, Nassau County]; Matter of Marko, 56 Misc 2d at 139; Matter of Gahn, 110 Misc 96, 98 [Sur Ct, Westchester County]), we hold that, like the Supreme Court, the Surrogate's Court is empowered to approve a method of substituted service, nunc pro tunc, in a proceeding pending before it.
The only other appellate case arising out of a Surrogate Court proceeding addressing an issue similar to the issue before this Court is the Fourth Department's determination in Lamb v Vergo (133 AD2d 514), which does not dictate a contrary result. There, the Fourth Department, in determining a discovery proceeding pending in Surrogate's Court pursuant to SCPA 2103, held that [*4]"[u]nless a court order is obtained authorizing a form of substituted service, personal service is required to commence a proceeding in Surrogate's Court" (Lamb v Vergo, 133 AD2d at 514). In that case, the petitioner had served a citation and petition upon the respondent's attorney, rather than serving the in-state respondent by personal service as required by SCPA 307(1) (see Lamb v Vergo, 133 AD3d at 514). There is no indication that the petitioner in Lamb v Vergo ever sought to have the Surrogate's Court approve, nunc pro tunc, the substituted service that was effected on the respondent via an agent (see id.). Nor is there any indication in Lamb v Vergo that the petitioner ever attempted to effectuate service under the relevant service provision of the SCPA 307(1) before attempting the substituted service (see Lamb v Vergo, 133 AD2d at 514). There also is no indication in that matter as to whether the respondent had any notice of the proceeding whatsoever outside the unauthorized substituted service (see id.).
Service of Process on the Appellant
Here, since we find that the Surrogate's Court had the authority to deem service on the appellant complete, nunc pro tunc, pursuant to SCPA 307(3)(b), which allows for substituted service such as regular first-class mail, the remaining issue to address is whether the court properly determined that such substituted service was valid; to wit, whether service on the appellant by regular first-class mail met the requirements of due process such that personal jurisdiction over the appellant was established (see e.g. Matter of Ramon, P.L., 147 Misc 2d 601, 602 [Sur Ct, Nassau County]; Matter of Broxmeyer, 108 Misc 2d at 810).
We note that an elementary and fundamental requirement of due process in any proceeding is whether the method of service is reasonably calculated, under all the circumstances, to apprise an interested party about the pendency of the action and afford them an opportunity to present their objections (see Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314; Matter of Broxmeyer, 108 Misc 2d at 810). In determining whether notice is reasonably calculated to apprise a party, the particular circumstance in each matter must be considered (see Dobkin v Chapman, 21 NY2d 490, 501-502).
Notably, here, the appellant does not assert that she did not receive service of the citation via regular first-class mail. Instead, she argues that the method of service was not valid. However, this is not a case where substituted service was the first or only method of service attempted. As noted above, the Executor undertook diligent but unsuccessful attempts to serve the appellant pursuant to SCPA 307(2) before regular first-class mail service was undertaken. Moreover, this is not a circumstance where the appellant had no knowledge of the proceeding that was taking place. Here, the appellant acknowledged that she (1) received a copy of the notice of probate at the time of the commencement of the probate proceeding, (2) immediately retained an attorney to represent her interests in the probate proceeding, and (3) subsequently received a copy of the will. The appellant was also aware of the scheduled hearing on July 12, 2017, in advance of that date, and neither she nor her attorney at that time chose to attend the proceeding. Thus, we find that the substituted service on the appellant by regular first-class mail satisfied the requirements of due process (see Dobkin v Chapman, 21 NY2d at 505-506; Matter of Ramon, P.C., 147 Misc 2d at 602).
Conclusion
Our holding today neither authorizes nor approves of a regular practice whereby a party can engage in "self-help" by fashioning and employing a form of substituted service as a means of effectuating service of process without prior approval of the Surrogate's Court. Although that court has the power to approve, in appropriate circumstances, substituted service nunc pro tunc, it also has the power to deny such an application. We anticipate that authorizing substituted service nunc pro tunc will not be the norm and will only be employed in circumstances such as those present here. The preferred procedure remains that a party should seek court approval for substituted service prior to undertaking such service. However, as the court was empowered to authorize substituted service nunc pro tunc and, under the facts of this case, the substituted service by regular first-class mail effectuated by the Executor on the appellant was reasonably calculated to apprise the appellant of the proceeding and provide her an opportunity to be heard, personal jurisdiction over the appellant was acquired in the proceeding.
Accordingly, we agree with the determination of the Surrogate's Court denying the appellant's petition, inter alia, to vacate the decree for lack of personal jurisdiction.
Therefore, order is affirmed.
DILLON, J.P., AUSTIN and BARROS, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.
ENTER:
Aprilanne Agostino
Clerk of the Court